IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
Individually and as Trustee on behalf of the
Covalent Global Trust,

        Plaintiffs,

v.                                               Case No. 1:14-CV-1089-KG-SMV

STRYKER CORPORATION

and

HOWMEDICA OSTEONICS CORP.

        Defendants.

**AGREED PROTECTIVE ORDER**

UPON THE REQUEST of the undersigned party(ies) for the entry of a protective order governing the disclosure of trade secrets, confidential and/or proprietary business information, or other highly confidential, non-public, personal or proprietary business information ("Confidential Information"), disclosure of which could be detrimental or harmful to the designating party, it is hereby:

ORDERED that in connection with discovery in and the trial of this action, the following provisions shall govern the disclosure of documents or other information:

1.     A party in this action or a third party from whom documents or other information is sought (the "Producing Party"), producing information, testimony, tangible things or documents ("Discovery Material"), shall have the right to designate and label Discovery Material revealed or produced by that Producing Party as "Confidential" if it reasonably believes that such Discovery Material contains Confidential Information.  Confidential Information shall include Discovery

Material in its original form, and any copy, excerpt, summary or other document containing the confidential, business, commercial or personal information.

2. Producing Parties may designate documents or other tangible Discovery Materials as confidential by placing the following legend or similar legend on the document or thing: "Confidential."  In the event that original documents are produced for inspection, the Producing Party may designate such as Confidential and the appropriate legend shall be placed on the documents in the copying process.  If a Producing Party inadvertently produces Confidential Information without marking it with the appropriate legend, the Producing Party may give written notice that the Discovery Material is Confidential and it shall thereafter be treated as such.

3. Parties or testifying persons may designate depositions or other testimony as Confidential by indicating on the record that the testimony is confidential at the time it is given or by sending written notice that the testimony is Confidential within fifteen (15) days of the date the testimony is transcribed.  All information disclosed during a deposition shall be deemed Confidential until the time within which it may be designated as Confidential has passed.

4. Confidential Information shall be made available only to "Qualified Persons" as defined in this Order, who shall have read this Order and agreed to be bound by its terms by executing Exhibit A to this Order, or as permitted by this Protective Order.  No other person shall have access to Confidential Information without the approval of the Producing Party or the Court, nor shall any other person be informed of Confidential Information by any person having access to Confidential Information.

5. Confidential Information can be used only in preparation for, and in the trial of, this litigation, and cannot be used for any other purpose.

6. Counsel for the parties shall maintain a list of the names and addresses of all persons to whom Confidential Information is disclosed, other than lawyers and employees of the respective law firms representing the parties, and shall make that list available to opposing counsel at the conclusion of the case upon request. For each person on a list maintained under this paragraph, counsel for the parties also shall identify each item of Discovery Material designated "Attorneys Eyes Only" that is disclosed to such person.

7. Qualified Persons means: (a) the parties and their officers, directors, managing agents, in-house counsel and other current or former corporate representatives, who are engaged in the preparation of this action for trial; (b) the Court and its officers; (c) outside counsel of record, and paraprofessional or clerical personnel assisting counsel of record in the preparation of this action for trial; (d) a deponent, but only during the course of his or her deposition and only to the extent reasonably necessary to enable such witness to testify; (e) qualified Court personnel, including judges and their staff, court clerks, and court reporters taking testimony, videographers, necessary stenographic and clerical personnel, and outside services performing photocopying, imaging, and/or coding services, all of whom shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by its provisions by executing Exhibit A to this Order.

8. Independent experts or consultants retained by the parties in connection with this action may be included as Qualified Persons and may review Confidential Information if they agree in writing to be bound by the terms in this Order by executing Exhibit A to this Order. The designation "independent experts or consultants retained by the parties in connection with this action" shall include employees of any company or firm by which the independent expert is employed.

9. If a party to this action wishes to disclose Confidential Information to any person not described in paragraphs 7 and 8 of this Protective Order, permission to so disclose must be requested from the Producing Party in writing. The Producing Party shall have ten (10) business days from the date of receipt of the requesting party's request for disclosure in which to object in writing to such disclosure. If the Producing Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise. In its discretion, the Court may award costs and expenses to the prevailing party with respect to such motions.

10. A party in this action shall have the right to designate and label Discovery Material revealed or produced by that party in this action as "Attorneys' Eyes Only" if it reasonably believes that such information, documents or tangible things contain trade secrets or highly confidential, non-public, personal or proprietary business information, disclosure of which could be especially detrimental or harmful to the designating party if disclosed to opposing parties. Parties designating and labeling Discovery Material "Attorneys' Eyes Only" shall provide a description of the documents so marked and how such documents relate to the issues in this action.

11. Discovery Material marked "Attorneys' Eyes Only" may not be shown to the persons described in Paragraph 7(a) of this Order—except for designated in-house litigation counsel who do not advise corporate officers or managers concerning product development or marketing activities, and who are engaged in the preparation of this action for trial, and have agreed in writing to be bound by the terms in this Order by executing Exhibit A to this Order ("Designated In-House Counsel"). Such Designated In-House Counsel may be shown Discovery Material, including Discovery Material marked "Confidential Information" and/or "Attorneys' Eyes Only."

7643498 v1
7706325 v1

12. Independent experts retained by the parties in connection with this action may review information, tangible things and documents labeled "Attorneys' Eyes Only" if they agree in writing to be bound by the terms in this Order by executing Exhibit A to this Order.

13. Any third party upon whom the parties in this action serve a subpoena requesting documents or other information may avail themselves of this Order and, by signing this Order, shall become a party to this Order.

14. Prior to the trial of this action, counsel for all parties shall seek to reach agreement on the handling of Discovery Material marked "Confidential" or "Attorneys' Eyes Only" at the trial so as to provide the maximum protection possible against public disclosure without in any way infringing upon the rights of the parties to present all evidence they deem necessary at such trial, and counsel shall submit the agreement, or proposals if no agreement can be reached, to this Court for its consideration, with the request that the Court enter further orders as are necessary to implement the protection of Discovery Material marked "Confidential" or "For Attorneys' Eyes Only" at trial as agreed or as the Court may direct based upon the proposals of counsel.

15. The parties may use Discovery Material marked "Confidential" during depositions, hearings or other trial proceedings. Any witnesses or deponent may be shown Confidential Information provided that they execute Exhibit A to this Order. No witness may be shown information designated "Attorneys' Eyes Only" unless (1) the Producing Party is first notified of the intention to make such a disclosure, (2) the witness executes Exhibit A to this Order, and (3) one of the following conditions also is satisfied: (a) the witness is on the face of the item identified as an originator or recipient of it, (b) the Producing Party consents to the disclosure, or (c) the Court orders that the disclosure may occur under applicable terms and conditions. In advance of the use of any Confidential Information and any Discovery marked "Confidential" or "Attorneys' Eyes

7643498 v1
7706325 v1

Only" with a witness or deponent, the witness or deponent shall be advised of this Order and his or her obligation to adhere to its terms. Among other things, the witness or deponent shall be requested: (a) not to disclose any information, transcripts or documents relating to Confidential Information and any Discovery material marked "Confidential" or "Attorneys' Eyes Only" (whether or not exhibited to the witness or deponent during the course of examination) to anyone other than Qualified Persons in the absence of agreement by the parties or permission from the Court; and (b) to take appropriate precautions to ensure that prohibited disclosure does not occur.

In no event shall a Receiving Party use Discovery Material of a Producing Party for the purpose of preparing or prosecuting any patent application, or in connection with any other proceeding before the U.S. Patent and Trademark Office or any foreign or international patent office. Individuals given access to Discovery Material marked "Confidential" or "Attorneys' Eyes Only" (other than non-technical information potentially relevant to damages issues and/or settlement negotiations) and who actually access any such material, shall not themselves prepare, or counsel or assist others with the preparation, filing, or prosecution of any patent application of the Receiving Party, or an affiliate thereof, that is related to the subject matter of the received Discovery Material in this action, including any patent reissue or reexamination proceeding, or any post-grant and/or inter parties review, of any Receiving Party patent or patent application for the period ending one year subsequent to termination of this litigation.

16. In the event that a party receiving Discovery Material marked "Confidential" or "Attorneys' Eyes Only" ("Receiving Party") objects to the designation, counsel for the Receiving Party shall notify the Producing Party of its objections in writing. The parties will use their best efforts to resolve the objections between themselves. Should the parties be unable to resolve the objections, the Producing Party shall, within ten (10) calendar days of the conference submit the dispute by formal motion and the Producing Party shall bear the burden of proof on the issue. If no motion is filed within the stated time period, the "Confidential" or "Attorneys' Eyes Only" designation will be re-designated or removed as appropriate. Information subject to the dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is re-designated or ceases to be subject to the protection of this Protective Order, the Producing Party shall, at its expense, provide to the other parties to this action one additional copy thereof from which all confidentiality legends have been adjusted to reflect the re-designation.

17. If Discovery Material marked "Confidential" or "Attorneys' Eyes Only" is included in any papers to be filed in Court, the party seeking to file the designated Discovery Material shall move the Court for an order sealing the information under Rule 1-079 NMRA. In addition, if designated Discovery Material is presented or referenced in any hearing, counsel presenting such material shall alert the Court so that the Court may take steps necessary to protect the information.

18. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection. At such time as a claim of inadvertent failure to designate is made, all dissemination of the subject material will cease, and the parties will attempt to resolve any dispute regarding the designation within ten (10) calendar days. If after ten (10) calendar days attempts to resolve the dispute are unsuccessful, the parties shall,

within ten (10) business days, submit any such unresolved disputes to the assigned judge via telephone conference, and if the Judge is not available or requests that the matter be submitted on motion, by formal motion.

19. Not later than 30 days after the final disposition of this litigation, including any appeals, all Discovery Material marked "Confidential" or "Attorneys' Eyes Only" shall be returned to counsel for the Producing Party or destroyed.  If any Discovery Material marked "Confidential" or "Attorneys' Eyes Only" is furnished under this Order to any expert or to any other person, the attorney for the party retaining such expert or furnishing the Discovery Material marked "Confidential" or "Attorneys' Eyes Only" shall be responsible to ensure that it is returned to counsel and disposed of pursuant to this Order.

20. The terms of this Order shall survive any final disposition of this case.

21. If either party finds that any of the terms of this Order or the designation of any Discovery Material as "Confidential" or "Attorneys' Eyes Only" impedes its ability to prepare or present its case, or is otherwise objectionable, that party may seek appropriate relief from the Court. Entry of this Order also shall not preclude any party from seeking further protection for confidential information from the Court.

22. Nothing in this Protective Order shall constitute a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence. Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material.  If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within five (5) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents or material be

returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material.

23. Drafts of expert reports, other writings generated by testifying experts with respect to their work in this case, and communications between party counsel and retained experts relating to their work in this case are exempt from discovery in this or any other litigation, unless relied on by the expert as a basis for his or her expert testimony. Nothing in this Order shall be construed to limit the discovery or examination of expert witnesses concerning documents or other information relied on by the expert as a basis for his or her final opinions in this case, or compensation received by such expert witness for his or her testimony, if any, including but not limited to disclosures required by Fed. R. Civ. P. 26(a)(2)(B)(vi).

24. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

SO ORDERED this 4th day of August, 2016.

_____
Honorable Stephan M. Vidmar
United States Magistrate Judge

APPROVED TO BY ALL PARTIES:

SHOOK, HARDY & BACON L.L.P.

By: /s/ Michael S. Cargnel
    Michael S. Cargnel, *admitted pro hac vice*

B. Trent Webb, *admitted pro hac vice*
Aaron Hankel, *admitted pro hac vice*
Ashley N. Harrison, *admitted pro hac vice*
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474.6550
Fax: (816) 421.5547
mcargnel@shb.com
bwebb@shb.com
ahankel@shb.com
aharrison@shb.com

and

BUTT THORNTON & BAEHR PC
Alfred L. Green, Jr., Esq.
Post Office Box 3170
Albuquerque, NM 87190
Phone: 505.884.0777
Fax: 505.889.8870
algreen@btblaw.com

*Counsel for Defendants*

AND

PEACOCK MYERS, P.C.

By: /s/ Jeffrey L. Squires
    Jeffrey L. Squires, Esq.

Deborah Peacock, Esq.
201 Third St. NW, Suite 1340
Albuquerque, NM 87102
Phone: 505.998.6116
Fax: 505.243.2542
jsquires@peacocklaw.com
dpeacock@peacocklaw.com

10

*Counsel for Plaintiff*

7643498 v1
7706325 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
Individually and as Trustee on behalf of the
Covalent Global Trust,

      Plaintiffs,

v.                                                                      Case No. 1:14-CV-1089-KG-SMV

STRYKER CORPORATION

and

HOWMEDICA OSTEONICS CORP.

      Defendants.

**EXHIBIT A**

I HAVE READ AND UNDERSTAND THE TERMS AND CONDITIONS OF THE AGREED PROTECTIVE ORDER ENTERED IN THIS CASE AND AGREE TO BE BOUND BY THEM.

_____                    _____
Signature                                                                   Date

_____
Print Name

_____
Address

_____
Telephone No.

G:\A-Clients\Auge\LIT\Stryker\Compare Review - Auge PO v Stryker PO.docx

7643498 v1
7706325 v1