**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WAYNE KENNETH AUGÉ, II, M.D.,

    Plaintiff,

            v.                        Case No. 1:14-cv-01089-KG-SMV

STRYKER CORPORATION et al.,

    Defendants.

**AGREED ORDER ESTABLISHING
PROTOCOL FOR ESI AND PAPER DOCUMENTS**

Pursuant to the Court's Initial Scheduling Order (D.I. 41), and Fed. Rule Civ. P. 26(f), Plaintiff and Defendants in the above matter have met and conferred regarding ESI production and have agreed to the following protocols. The protocols are before the Court in the form of a proposed Order. The Court has reviewed the proposed Order and finds that the protocol set forth in the proposed Order is an effective and efficient method for discovery of ESI, including paper documents which will be electronically scanned. Accordingly, for good cause shown, IT IS HEREBY ORDERED as follows:

**I. DEFINITIONS**

    A. **ESI**. Electronically stored information, regardless of the media, including scans of hard copy (i.e., paper documents).

    B. **Potentially Discoverable ESI**. Plaintiff and Defendants' electronic "documents" containing or potentially containing information relating to facts at issue in this case, where the term "documents" is used as it is defined in Fed. R. Civ. P. 34(a).

    C. **Reasonably Accessible ESI.** ESI available without undue burden or cost, including active or dynamic media such as information stored on drives and servers accessible by desktops, laptops, tablets, and other computer interfaces other than PDAs, smartphones, or cells phones.

    D. **Search Terms.** Search Terms are words or phrases that can be used to identify potentially relevant documents. For example, "Auge" and "TwinLoops" are potential Search Terms.

E.  **Searching Syntax.**  Searching Syntax refers to logical combinations of Search Terms that can be used to narrow the search for potentially relevant documents—e.g., "contract w/5 Auge" is a potential Searching Syntax.

## II. GENERAL SCOPE

A.  **Potentially Discoverable ESI.**

   i. Unless otherwise specifically stated and agreed to the contrary, the parties agree that, pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order (Doc. No. 41), only Reasonably Accessible ESI will be collected and reviewed for potential production, unless a party makes a specific request for other ESI for good cause. Nothing in this proposed Order establishes any agreement as to either the temporal or subject matter scope of discovery in this lawsuit.

   ii. Should a dispute arise among the parties in determining and agreeing upon whether a particular population of ESI or entire ESI data source is inaccessible or needs to be produced, the parties will make a good faith effort to resolve such a dispute amongst themselves before any motion is filed with the Court.

   iii. Absent a showing of good cause, no party need restore any deleted ESI. Where a requesting party shows good cause for restoring deleted ESI, the cost of this restoration will presumably fall on the requesting party.

B.  **Preservation of Discoverable Information.**  A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A, *see* § V below, need not be preserved, collected, or produced.

C.  **Other.**

   i. Nothing in this agreement, including any provisions related to the use or non-use of Search Terms or Searching Syntax, shall excuse a party from searching for and producing documents from locations (including electronic files) it knows or reasonably believes to have responsive information.

   ii. Nothing herein, however, obligates a producing party to use Search Terms and Searching Syntax to identify Potentially Discoverable ESI or responsive ESI, unless for good cause shown and further direction from the Court.

## III. IDENTIFICATION OF RESPONSIVE ESI

**A. Forensic Images of Hard Drives.** The parties agree that it is not necessary to create forensic snapshot images of the custodians' laptop or desktop hard drives.

**B. Duty of Producing Party.** If a producing party becomes aware of Potentially Discoverable ESI or responsive ESI that was not extracted using the Search Terms and Searching Syntax provided for in this Protocol, the party will produce the ESI.

**C. Discovery About Discovery.** Absent a showing of need, the parties agree to refrain from engaging in discovery (e.g., interrogatories, depositions) to determine the types of ESI and paper documents maintained by the other party or the investigations which have been performed to identify or produce responsive ESI pursuant to this agreement.

## IV. FORM OF DOCUMENT: GENERAL PRINCIPLES

**A. ESI Document Production Format.** The following provisions shall generally govern the production format and procedure for responsive ESI including scanned paper documents:

  i. <u>Format</u>. All responsive ESI shall be produced electronically, in a single- page TIFF image, a standard litigation database load file format, and/or native file format, at the producing party's option. Such image file or native file format document shall not be manipulated to change how the source document would have appeared if printed out to a printer attached to a computer viewing the file.

  ii. <u>Paper Documents</u>. If the source of the document was originally stored and only originally existed in the form of a hard copy document (e.g., paper documents), it will be will be scanned to imaged copies and produced in the same manner as electronic documents as discussed above (i.e., produced in a single-page TIFF image, together with OCR). The imaged copies of scanned paper documents will be logically unitized (i.e., to preserve page breaks between documents and otherwise allow separate documents to be identified).

  iii. <u>Content Regarding Produced ESI</u>. The parties agree to produce the below information, if available:

| | |
|---|---|
| PRODUCTION BEGIN | TIME CREATED |
| PRODUCTION END | FILE NAME |
| ATTACHMENT BEGIN | FILE PATH |
| ATTACHMENT END | FILE EXTENSION |
| CUSTODIAN | FILE TYPE |
| AUTHOR | FILE SIZE |
| RECIPIENT(S) | DATE LAST MODIFIED |
| CC | TIME LAST MODIFIED |
| DATE CREATED | DATE EMAIL RECEIVED |

| | |
|---|---|
| TIME EMAIL RECEIVED | PAGE COUNT |
| DATE EMAIL SENT | PRODUCTION VOLUME |
| TIME EMAIL SENT | EXTRACTED TEXT (i.e., OCR) |
| MD5 HASH VALUE | DOCUMENT LINK (if native) |

    iv. <u>Load Files</u>.  The parties agree to use their best efforts to produce a load file in a format requested by the opposing party as set out above.  If a party later requests additional information and the other party agrees to provide such additional information, the parties will confer to determine if such information can be provided by the parties' existing in-house or outsourced e-discovery technology or available resources without undue burden or cost.  The parties may produce certain ESI as native electronic documents (e.g., .xls) as warranted to facilitate meaningful review, or otherwise provide additional metadata fields.  A party is not obligated to produce metadata from an electronic document if metadata does not exist in the document or if the metadata is not machine-extractable.

    v. <u>De-duplication</u>.  The parties agree to produce ESI that have been de-duplicated, e.g., de-duplication based on MD5 hash value or equivalent.  ESI that are attachments to email will not be removed during any de-duplication process, and all source/attachment document family relationships shall be preserved and maintained in any litigation database production load files.

**B. Variance.** Any practice or procedure set forth herein may be varied by agreement of the parties, and confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of responsive ESI.  If agreement on a requested variance is not reached timely, a party seeking variance may, acting promptly, request the Court to grant relief from strict compliance by showing good cause therefore consistent with the standards of Rule 26(b).

**C. Duplicate Production Not Required.**  A party producing a document in electronic form need not produce the same document in paper format.

**D. Production of Electronic Data.**  As the producing party identifies electronic data to be produced, the producing party shall provide one or more CD-ROMs, DVDs or external hard-drives sufficient to hold and store each production set containing such data, or via similar networking delivery methods such as File Transfer Protocol ("FTP").  If the producing party believes that production on a different media or in a different manner would be more cost effective, the parties will confer to arrive at an appropriate method for providing electronic data to other parties.

**V. SCHEDULE A**

- Deleted, slack, fragmented, or other data only accessible by forensics.

- Random access memory (RAM), temporary files, or other ephemeral data, that is

    difficult to preserve without disabling the operating system.

- On-line access data such as temporary internet files, history, cache, cookies, and the like.
- Data in metadata fields that are frequently updated automatically, such as last opened dates.
- Voice messages.
- Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.
- Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone, Android, and/or Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.
- Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.
- Logs of calls made from mobile devices.
- Server, system or network logs.
- Electronic data stored in the ordinary course of business only on a temporary basis by laboratory, diagnostic or monitoring equipment.
- Data remaining from systems no longer in use that is unintelligible on the systems in use.

SO ORDERED this 4th day of August, 2016.

                                                      Honorable Stephan M. Vidmar
                                                      United States Magistrate Judge

APPROVED TO BY ALL PARTIES:

SHOOK, HARDY & BACON L.L.P.

By:       /s/ Michael S. Cargnel            .
       Michael S. Cargnel, *admitted pro hac vice*

B. Trent Webb, *admitted pro hac vice*
Aaron Hankel, *admitted pro hac vice*
Ashley N. Harrison, *admitted pro hac vice*
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474.6550
Fax: (816) 421.5547
mcargnel@shb.com
bwebb@shb.com
ahankel@shb.com
aharrison@shb.com

and

BUTT THORNTON & BAEHR PC
Alfred L. Green, Jr., Esq.
Post Office Box 3170
Albuquerque, NM 87190
Phone: 505.884.0777
Fax: 505.889.8870
algreen@btblaw.com

*Counsel for Defendants*

AND

PEACOCK MYERS, P.C.

By:   /s/ Jeffrey L. Squires         
       Jeffrey L. Squires, Esq.

Deborah Peacock, Esq.
201 Third St. NW, Suite 1340
Albuquerque, NM 87102
Phone: 505.998.6116
Fax: 505.243.2542
jsquires@peacocklaw.com
dpeacock@peacocklaw.com

*Counsel for Plaintiff*