## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CLARKE COLL,**

    **Plaintiff,**[1]

v.                                                                                   No. 14-cv-1089 KG/SMV

**STRYKER CORPORATION and**
**HOWMEDICA OSTEONICS CORPORATION,**

    **Defendants.**

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO AMEND THE SCHEDULING ORDER AND COMPEL PRODUCTION OF DOCUMENTS

THIS MATTER is before the Court on: (1) Plaintiff's Motion to Amend Scheduling Order [Doc. 114] and (2) Plaintiff's Motion for an Order Compelling Responses to Document Requests [Doc. 113], both filed on January 31, 2017. The Court has considered the briefing on the motions [Docs. 113, 114, 115, 117, 118], the relevant portions of the record, the oral argument of February 27, 2017, and the relevant law. Being otherwise fully advised in the premises and for the reasons stated on the record at the February 27, 2017 oral argument,

**IT IS ORDERED, ADJUDGED, AND DECREED** that both motions [Docs. 113, 114] are **GRANTED IN PART and DENIED IN PART**, as follows:

1. The Scheduling Order and Order Amending Scheduling Order [Docs. 64, 84] are deemed amended to allow 30 requests for production for each side beyond those that had already been served by September 9, 2016 (the date of the Rule 16 Scheduling Conference).

---

[1] Mr. Coll was substituted as Plaintiff in this matter when the original Plaintiff, Wayne Augé, II, M.D., filed for bankruptcy. Mr. Coll is the trustee of the bankruptcy estate. [Doc. 30].

    Otherwise, Plaintiff has failed to show good cause to amend, and his motion to amend the Scheduling Order is DENIED.

2. Plaintiff's Motion to Compel responses to Request for Production ("RFP") numbers 70−73 is GRANTED.

3. Plaintiff's Motion to Compel responses to RFP numbers 74–77 is DENIED.

4. Plaintiff's Motion to Compel responses to RFP numbers 78–81 is DENIED.

5. Plaintiff's Motion to Compel responses to RFP numbers 82–85 is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED only to the extent that any third party has contested Defendants' ownership of proprietary rights in any medical device or system they have marketed under the names TwinLoopFlex, Iconix, VersitTomic, or MicroFX, *on the ground that the ownership rights actually belonged to Dr. Augé*.  Any other challenge to Defendants' ownership is irrelevant, and to the extent the motion seeks documents related to other challenges, it is DENIED.

6. Plaintiff's Motion to Compel a response to RFP number 86 is GRANTED IN PART and DENIED IN PART.  If Defendants intend to move to exclude the testimony of Dr. Wayne Z. Burkhead on the ground that he has a conflict of interest (considering that he has worked for Defendants in the past), then such a motion must be filed **no later than March 20, 2017**.  If Defendants fail to file such a motion by March 20, 2017, the argument (that Dr. Burkead's testimony is precluded by a conflict of interest) will be waived, and Plaintiff's Motion to Compel a response to RFP number 86 will be DENIED.  If, however, Defendants file such a motion to exclude Dr. Burkhead's testimony (on the ground that he has a conflict of interest), then Plaintiff's Motion to Compel a response to RFP number 86 will be GRANTED, and Defendants shall serve responsive documents **within five days** of filing their motion to exclude Dr. Burkhead's testimony.

7. Plaintiff's Motion to Compel responses to RFP numbers 87–90 is GRANTED.

8. Plaintiff's Motion to Compel responses to RFP numbers 91–93 is GRANTED IN PART and DENIED IN PART.  To the extent that Defendants have already identified the five biggest customers (as described in RFP numbers 91–93), no further response is required, and Plaintiff's motion is DENIED.  However, if Defendants have not already identified the five biggest customers (as described in RFP numbers 91–93), then Plaintiff's motion is GRANTED IN PART, and Defendants must produce some document(s) that identify the customers.  Defendants need not produce every responsive document.

9. Plaintiff's Motion to Compel responses to RFP numbers 94–96 is DENIED.

10. Except as to RFP number 86, Defendants must produce the materials described herein no later than **March 20, 2017**.  Any objection to this order under Fed. R. Civ. P. 72 will stay the order but only to the extent of the objection.  In other words, for example, if Defendants object to this order's compelling a response to RFP number 70 but not RFP number 71, then Defendants must respond to RFP number 71 no later than March 20, 2017, but are not required to respond to RFP number 70 until their objection is resolved.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5)(C), no expenses are appropriate, and Plaintiff's request for expenses is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**