IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARKE COLL,

    Plaintiff,[1]

v.                                                                                                         No. 14-cv-1089 KG/SMV

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORPORATION,

    Defendants.

## ORDER DENYING PLAINTIFF'S
## EMERGENCY MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Opposed Emergency Motion for Reconsideration. [Doc. 144]. On March 15, 2017, I granted Plaintiff's motion to de-designate more than 63,000 pages of discovery material that had been marked "Attorneys' Eyes Only." [Doc. 132]. The parties had vigorously disputed whether the material constituted trade secrets, which if disclosed to Dr. Augé, could harm Defendants. I agreed with Plaintiff and ordered Defendants to produce de-designated or lesser-designated versions no later than April 14, 2017. [Doc. 132] at 13. Defendants objected to my order, [Doc. 138], and moved for a stay pending ruling on their objections, [Doc. 139]. I granted the stay. [Doc. 140]. Now Plaintiff asks me to reconsider the stay. [Doc. 144].

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Instead, a party seeking reconsideration may file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e),

---

[1] Mr. Coll was substituted as Plaintiff in this matter when the original Plaintiff, Wayne Augé, II, M.D., filed for bankruptcy. Mr. Coll is the trustee of the bankruptcy estate. [Doc. 30].

or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Under either rule, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff urges me to reconsider the stay for several reasons. Plaintiff believes there is no likelihood that Defendants' objections will succeed. [Doc. 144] at 1. He further argues that the stay prejudices him because it will delay the completion of discovery and ultimate resolution of the case. *Id.* at 2. He argues that I "misapprehended the law" by failing to explicitly discuss certain factors in granting the stay and in granting the stay before he filed his response. *Id.* at 3. He then goes on to present his arguments on why the stay was not warranted in the first place. *Id.* at 4–6. Plaintiffs' arguments are not persuasive. He cites no intervening change in the controlling law or new evidence previously unavailable. Nor does Plaintiff show clear error or manifest injustice. Reconsideration is not warranted.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Opposed Emergency Motion for Reconsideration [Doc. 144] is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**