# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ II,

    Plaintiff,[1]

v.                                                               No. 14-cv-1089 KG/SMV

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORPORATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## AWARDING ATTORNEY'S FEES

THIS MATTER is before me on Defendants' request for reasonable expenses as the prevailing party on a motion to compel. Plaintiff filed a motion to compel on April 27, 2017. [Doc. 154]. On July 12, 2017, I denied the motion and awarded reasonable expenses to Defendants pursuant to Fed. R. Civ. P. 37(a)(5). [Doc. 170]. On July 24, 2017, Defendants filed a Declaration listing the time counsel had expended in responding to the motion. [Doc. 171]. Plaintiff filed objections on August 18, 2017. [Doc. 175]. Having considered the parties' submissions, and having reviewed other cases from this district involving the award of attorney's fees, I conclude that $350 is a reasonable hourly rate for Mr. Hankel's time and $175 is a reasonable hourly rate for Ms. Harrison's time. I will reduce the amount of time requested because I find that it is excessive.

---

[1] Clarke C. Coll was substituted as Plaintiff in this matter when Dr. Augé filed for bankruptcy. Mr. Coll is the trustee of the bankruptcy estate. [Doc. 30]. Dr. Augé was reinstated as Plaintiff after Mr. Coll, as trustee, abandoned certain claims of the bankruptcy estate, including the claims in the instant lawsuit. [Doc. 187].

## The Law Regarding Attorney's Fees

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (quoting *Hensley v. Ekerhart*, 461 U.S. 424, 433 (1983), and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 543–44 (2010)).

"The party requesting attorney fees bears the burden of proving" the two components used to calculate the fee award: (i) "the amount of hours spent on the case," and (ii) "the appropriate hourly rates." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281; *see Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party entitled to fees must provide the district court with sufficient information to evaluate prevailing market rates. *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006). Moreover, the party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255–56 (10th Cir. 1998). Only if the district court

does not have adequate evidence of prevailing market rates for attorney's fees may it, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257; *see also United Phosphorus*, 205 F.3d at 1234 (A court abuses its discretion when its "decision makes no reference to the evidence presented by either party on prevailing market rate[,]" and its rate decision is based solely on the court's "own familiarity with the relevant rates in this community.").

## Analysis

Defendants request $7,962 in attorney's fees, comprising time expended by counsel, Aaron Hankel, and his associate, Ashley Harrison, in opposing the motion to compel and preparing the instant fee application. [Doc. 171] at 2, 4, 11. Defendants request fees for a total of 24.9 hours of work (9.6 hours for Mr. Hankel and 15.3 hours for Ms. Harrison) at hourly rates of $364 for Mr. Hankel and $292 for Ms. Harrison.[2] *Id.* at 2, 4. Plaintiff objects both to the number of hours and the hourly rates Defendants request.

### The Time Expended on the Motion

Courts have an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy*, 73 F.3d at 1018. There are two elements to the reasonableness inquiry: first, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley*, 461 U.S. at 434. The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case*, 157 F.3d

---

[2] In a summary chart at the end of the fee application, Defendants list 10.0 total hours for Mr. Hankel and 17.0 total hours for Ms. Harrison, for a total of 27.0 hours. [Doc. 171] at 11. These summary figures include time (0.4 hours for Mr. Hankel and 1.7 hours for Ms. Harrison) that they billed but for which they do not request fees. *See id.* at 2–5. I do not include this additional time in describing and calculating the amount of time for which they seek fees.

3

at 1249. With respect to legal research performed, the party requesting fees must provide enough information to determine whether the research was related to successful issues and reasonably necessary. *See id.* at 1252. "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Id.* at 1254 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).

Defendants submitted detailed tables of the time Mr. Hankel and Ms. Harrison expended in opposing the motion. [Doc. 171] at 2–5. Plaintiff argues that the number of hours is excessive for a single responsive brief to a motion to compel. [Doc. 175] at 2–4. As a general matter, Plaintiff notes that the award Defendants request is 25% more than I previously awarded to Plaintiff for successfully opposing a discovery motion. *Id.* at 2. And, in contrast to that dispute, there was no oral argument in this instance. *Id.* Plaintiff identifies "[b]y way of example only" several time entries that he believes are excessive, including an ambiguous entry for "analyzing additional arguments," time spent revising the brief in excess of the time spent drafting it, and time billed by Ms. Harrison on a conference call in excess of the time billed by Mr. Hankel for the call. *Id.* at 3–4.

The Court is mindful of, as Defendants put it, "the gravity of the disruptive burdens associated with the discovery sought" and the importance of successfully opposing the motion to compel. *See* [Doc. 171] at 6. The Court likewise recognizes that significant time was required to determine the temporal and logistical burdens of obtaining the information sought. *Id.* Defendants' effort is reflected in their response, which included several exhibits. Nevertheless, the Court finds that the time expended in responding to a six-page motion concerning a single request for production appears excessive. I conclude that Mr. Hankel's time should be reduced

4

from 9.6 to 8.6 hours[3] and Ms. Harrison's time reduced from 15.3 to 11.4 hours.[4] I find that this amount of time is reasonable and not excessive, redundant, or unnecessary.

## The Reasonable Hourly Rate

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt*, 468 F.3d at 1224. "The rate must reflect rates that are reasonable in light of: (i) the attorney's level of experience; and (ii) the work the attorney performed." *XTO Energy, Inc. v. ATD, LLC*, No. 14-cv-1021 JB/SCY, 2016 WL 5376322, at *10 (D.N.M. Aug. 22, 2016). In general, the "relevant community" is "the area in which the court sits." *Gottlieb v. Barry*, 43 F.3d 474, 485 n.8 (10th Cir. 1994). The court must look to the parties' evidence of the prevailing market rate. *Case*, 157 F.3d at 1257. It is typically established through the affidavits of local attorneys who practice in the same field as the attorneys seeking the fees. *See, e.g.*, *United Phosphorus*, 205 F.3d at 1232 ("In addition [to submitting an affidavit from the attorney requesting fees], United submitted one affidavit from another attorney in Kansas City who reviewed the rates, stating the rates were within the range of what attorneys with comparable skills and experience practicing trademark infringement law in the Kansas City area would charge."); *XTO Energy*, 2016 WL 5376322, at *5–7 (discussing affidavits submitted by attorneys practicing similar legal work in New Mexico); *Martinez ex rel. Est. of Martinez v. Salazar*, No. 14-cv-0534 KG/WPL, 2016 U.S. Dist. LEXIS 57269, at *2

---

[3] I arrived at this number by reducing the time spent reviewing and revising the response from 4.3 hours to 3.3 hours. This number also excludes 0.4 hours spent communicating with clients, time for which Defendants do not request any fees. *See* [Doc. 171] at 2–3. It includes the time spent preparing the instant fee application. *See id.* at 11.

[4] I reduced the time spent drafting and revising the response from 12.0 hours to 10.0 hours. I also removed the 1.5 hours spent "analyz[ing] additional arguments for inclusion" and the 0.4 hours spent on a conference call. This number also excludes 0.6 hours spent on legal research, 0.1 hours spent communicating with local counsel, and 1.0 hours spent preparing the fee application, time for which Defendants do not request any fees. *See* [Doc. 171] at 4–5, 11.

(D.N.M. Apr. 28, 2016) ("Plaintiff supported Coberly's declaration with the resumes of Coberly and Chakeres as well as with a declaration by Daniel Yohalem, a New Mexico attorney, who opined as to the prevailing market rates for attorneys like Coberly and Chakeres."). If the court lacks adequate evidence to determine the prevailing market rate, it may use other factors, including its own knowledge, to establish the rate. *Case*, 157 F.3d at 1257.

Defendants argue that the hourly rates of $364 for Mr. Hankel and $292 for Ms. Harrison—the respective rates at which their time is billed in this matter—are appropriate. They contend that their requested rates are "reasonable in view of the prevailing market rates in the Kansas City, Jackson County, and Missouri legal markets." [Doc. 170] at 7. As evidence, Defendants submit excerpted data from the Missouri Bar's 2015 Economic Survey Report showing that "approximately 37% of Missouri . . . trial attorneys charge rates that are above" $300 per hour, Defendants' "effective blended rate."[5] *Id.*; [Doc. 170-3]. Defendants also submit excerpts from the American Intellectual Property Law Association's 2015 Report of the Economic Survey, which shows average hourly billing rates for intellectual property attorneys broken out by level of experience. [Doc. 170] at 9–10; [Doc. 170-4]. Defendants assert that the report shows Mr. Hankel's and Ms. Harrison's respective billing rates to be in line with the average billing rates of attorneys with comparable experience. *Id.* Plaintiff contends that this evidence should be discounted because it does not reflect the prevailing rates in the relevant community, i.e., New Mexico, but instead refers to rates in Missouri and nationwide. [Doc. 175] at 4–5.

---

[5] Defendants arrive at an "effective blended rate" by dividing the total time requested by the total number of hours. *See* [Doc. 171] at 5.

The data Defendants have provided are inapplicable. The first set of data is not specific to patent or intellectual property work. And the second set appears to describe nationwide fee rates, rather than rates specific to any particular local community. More to the point, Defendants suggest that the "relevant community" is Missouri, where defense counsel are located. However, in the Tenth Circuit, "[u]nless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)); *see also Gottlieb*, 43 F.3d at 485 n.8 (relevant market rate is "based upon the norm for comparable private firm lawyers in the area in which the court sits"); *XTO Energy*, 2016 WL 5376322, at *28 ("The rates Holland & Hart charges other clients in different legal markets for different work is not relevant to determining whether the rates that Holland & Hart is charging to litigate the Manley and Betancur cases in Eddy County, New Mexico are reasonable."); *Nicholas v. Double J Disposal, Inc.*, 2016 WL 559185, at *3 n.2 (D. Colo. Feb. 12, 2016) (relevant community is "the place where the case is brought and where it would be tried," not where the attorneys requesting fees are based); *Wirtz v. Kan. Farm Bureau Servs., Inc.*, 355 F. Supp. 2d 1190, 1200 (D. Kan. 2005) (relevant community is "the area in which litigation occurs"). Defendants do not suggest that the present case is so unusual or complex as to require out-of-state counsel. Defendants' evidence of Missouri and nationwide fee rates is unpersuasive.[6]

---

[6] For the same reason, Mr. Hankel's and Ms. Harrison's billed rates are not viable evidence of the prevailing *local* rates in New Mexico. Even if they were the rates of local counsel, I have previously disregarded such information as relevant evidence. *See* [Doc. 148] at 9 n.5.

Both parties point out that I previously awarded Plaintiff fees at an hourly rate of $350 for Plaintiff's lead counsel and $150 for his associate. *See* [Doc. 171] at 8; [Doc. 175] at 5; *see also* [Doc. 148]. As Defendant notes, I was guided by a recent case of this district, *XTO Energy, Inc. v. ATD, LLC*, in which Judge Browning held that $350 was a reasonable hourly rate for "high-end commercial work." [Doc. 148] at 9–10 (citing *XTO Energy*, 2016 WL 5376322, at *13). Defendants rely on my earlier award to suggest that the hourly rates I determined in my earlier order are consistent with the rates it now seeks.[7] [Doc. 171]. Plaintiff also suggests that, based on my previous award, hourly rates above $350 and $150 for Mr. Hankel and Ms. Harrison would be unreasonable and inconsistent.[8] [Doc. 175] at 5.

I find that the evidence before the Court is inadequate to establish the prevailing market rate for patent work in New Mexico. As in my previous award of attorney fees, *see* [Doc. 148], I will employ my own knowledge (informed by the analysis in *XTO Energy*) in concluding that the appropriate hourly rates in this case are $350 for Mr. Hankel and $175 for Ms. Harrison. Taking into account the complexity of the case and the specialized legal knowledge required, I award the following fees pursuant to Fed. R. Civ. P. 37(a)(5):

|              | **Hours** | **Rate** | **Fees** |
|--------------|-----------|----------|----------|
| **Mr. Hankel**   | 8.6       | $350     | $3,010   |
| **Ms. Harrison** | 11.4      | $175     | $1,995   |
|              |           | **TOTAL** | **$5,005** |

---

[7] Although the hourly rates Defendants request are higher than those applied in my earlier award, Defendants point out that the "effective blended rate" there was $286 per hour, compared with the blended rate of $300 as they request here.

[8] Plaintiff also cites two cases in this district finding that $150 per hour is a reasonable rate for associates. *Id.* (citing *Copar Pumice Co. v. Morris*, 2012 WL 2383667, at *19, 21 (D.N.M. June 13, 2012); *Pedroza v. Lomas Auto Mall, Inc.*, 716 F. Supp. 2d 1031, 1050–51 (D.N.M. 2010)). Neither case involved patent litigation, however, and I find their application to be limited here.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that **$5,005** is **AWARDED** to Defendants as reasonable expenses, pursuant to Fed. R. Civ. P. 37(a)(5). *See* [Doc. 170]. Plaintiff must pay such expenses to Defendants no later than **October 30, 2017**. However, if Plaintiff timely objects to this order, the order will be stayed pending resolution of the objections.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**