# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**WAYNE KENNETH AUGÉ II,**

    Plaintiff,[1]

v.                                                                 No. 14-cv-1089 KG/SMV

**STRYKER CORPORATION and**
**HOWMEDICA OSTEONICS CORPORATION,**

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Supplementation of Discovery, or in the Alternative, to Reopen Discovery [Docs. 219, 220] filed July 9, 2018. Defendants responded on July 30, 2018. [Doc. 226]. Plaintiff replied on August 1, 2018. [Doc. 227]. The Court heard oral argument on October 3, 2018. On consideration of the briefing, oral argument, relevant portions of the record, and the relevant law, the Court finds the motion well-taken in part and will grant it in part and deny it in part.

### Background

In the 1990s, Plaintiff Wayne Augé, II, M.D., made innovative developments in orthopedic medicine and surgery. Defendants were interested in his inventions, and they entered into a series of confidentiality agreements and a Royalty Agreement in 2009 with him for their common benefit. Defendants utilized Dr. Augé's inventions in several products that went to market. Over the years, however, as Defendants marketed new products with his inventions,

---

[1] Clarke C. Coll was substituted as Plaintiff in this matter when Dr. Augé filed for bankruptcy. Mr. Coll is the trustee of the bankruptcy estate. [Doc. 30]. Dr. Augé was reinstated as Plaintiff after Mr. Coll, as trustee, abandoned certain claims of the bankruptcy estate, including the claims in the instant lawsuit. [Doc. 187].

Dr. Augé came to believe that Defendants were not fulfilling their agreements to honor his ownership rights or to pay him what they owed. He filed this lawsuit in 2014. [Doc. 1]. He amended his complaint on May 12, 2016. [Doc. 34]. He asserts claims for breach of contract, unfair practices, trade secret misappropriation, common law unfair competition, and quantum meruit or unjust enrichment. *Id.* at 9–14. Defendants moved for summary judgment on the claims arising from the 2009 Royalty Agreement, [Docs. 178, 179], but that motion was denied on May 11, 2018. [Doc. 207] at 11–12. Plaintiff's claim for breach of the 2009 Royalty Agreement remains live. *See id.*

Plaintiff served his First Requests for Production of Documents ("RFP") on May 13, 2016. *See* [Doc. 35]. Among other things, Plaintiff requested the following:

> 24. Documents evidencing all sales of TwinLoopFlex since that product was introduced into the market, including but not limited to periodic sales reports created internally and financial reports created on a quarterly, semiannual or annual basis.
>
> 25. Documents evidencing all sales of Iconix since that product was introduced into the market, including but not limited to periodic sales reports created internally and financial reports created on a quarterly, semiannual or annual basis.
>
> 26. Documents evidencing all sales of VersiTomic since that product was introduced into the market, including but not limited to periodic sales reports created internally and financial reports created on a quarterly, semiannual or annual basis.
>
> 27. Documents evidencing all sales of MicroFX since that product was introduced into the market, including but not limited to periodic sales reports created internally and financial reports created on a quarterly, semiannual or annual basis.

[Doc. 220-1] at 2–3. In response, on July 21, 2016, Defendants produced (among other things) a spreadsheet Bates numbered STRAUGE 88339 showing revenues received by Stryker from the sale of individual parts in those four product lines, which are the subject of Plaintiff's claim for royalties. [Doc. 219] at 2. Defendants provided an updated version on December 19, 2016. *Id.*

In the motion at bar, Plaintiff seeks:

> Updated sales information . . . includ[ing] information about components of the four product lines that had not been provided to Plaintiff as part of STRAUGE 88339, for which commercial sales have taken place. That includes information concerning sales of products identified as Iconix tape, and perhaps Iconix with bioactive glass, first mentioned at the deposition of Stryker's designee Kyle Pilgeram on July 14, 2017. . . . Plaintiff also seeks . . . information about the sales revenues realized from Stryker's sale of a number of VersiTomic implants that were not previously identified in the spreadsheet produced and once updated by Stryker. These products are among the products that should be subject to Plaintiff's royalty claim, but were not referenced in STRAUGE 88339.

[Doc. 219] at 2–3.[2]

For the reasons stated on the record at the October 3, 2018 oral argument, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Compel Supplementation of Discovery, or in the Alternative, to Reopen Discovery [Docs. 219, 220] is **GRANTED IN PART and DENIED IN PART**. The Court will GRANT the motion to the extent it seeks an update of the information contained in STRAUGE 88339. The update must extend through September 30, 2018 (or the latest date for which sales data are available). The

---

[2] Plaintiff deposed Kyle Pilgeram, a Rule 30(b)(6) representative for Defendant Stryker, on July 14, 2017. [Doc. 219-2]. At the deposition Plaintiff learned that Defendant Stryker has sales information for "Iconix tape" and "Iconix bioactive glass," which Plaintiff argues should have been produced as responsive to RFPs 24–27. [Doc. 219] at 3. Discovery terminated on May 8, 2017, but the Court granted leave for the parties to complete depositions by July 14, 2017. [Doc. 64] at 2–3; [Doc. 167].

required update is temporal only; no sales data is required for items not already listed STRAUGE 88339.  The updated information must be produced no later than October 31, 2018.  In all other respects, the motion is DENIED.  Each side will bear its own costs and fees.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**