IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGE,

    Plaintiff,

vs.                                                                                          Civ. No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Stryker's Motion For Reconsideration and Plaintiff's Motion for Leave to File a Surreply. (Docs. 211, 217). Defendant seeks reconsideration of the Court's partial summary judgment ruling, entered May 11, 2018. (Docs. 207, 208). Having considered the Motions, the summary judgment record, and applicable law, the Court will grant leave to file a surreply but decline to reconsider its ruling.

**I. Background**[1]

Plaintiff is an orthopedic surgeon who developed devices and techniques for use in surgery. (Doc. 179) at 3; (Doc. 186) at 16. Between 2000 and 2007, he entered into a series of Confidentiality Agreements with medical device manufacturer Stryker (individually, Defendant). (Doc. 178-3) at 1; (Doc. 179) at 3-4; (Doc. 186) at 16. The parties agreed "to begin discussions [about] a possible business relationship" relating to Plaintiff's flexible drill system technologies. *Id.* In 2009, Defendant purchased certain intellectual property pursuant to a Royalty Agreement. (Doc. 178-5); (Doc. 186-1) at 3.

---

[1] For clarity, the Background section includes certain key, non-controversial facts from the summary judgment record. (Docs. 178, 179, 186, and 192).

Over the next few years, Defendant paid royalties as agreed on the TwinLoop FLEX device. (Doc. 186) at 20. Defendant then developed three new devices, which constitute Improvements to the confidential flexible drill technology disclosed pursuant to the Confidentiality Agreements. (Doc. 186-1) at 7; (Doc. 178-1) at 6. The parties tried to negotiate a royalty agreement with respect to the new devices, but the informal discussions failed. (Doc. 186-1) at 6, 48-58.

On May 12, 2016, Plaintiff filed his First Amended Complaint for Breach of Contract (Complaint). (Doc. 34). In Count I, he alleges he owns the new devices and any profits therefrom pursuant to the terms of the Confidentiality Agreements. (Doc. 34) at 8-9; (Doc. 186-1) at 6-7. Count I alternatively alleges the Royalty Agreement entitles Plaintiff to royalties on the new devices. *Id*. The Complaint also raises various state law claims based on the alleged misuse of Plaintiff's intellectual property (Counts II-VII). (Doc. 34) at 10-14.

By two separate motions, Defendant moved for summary judgment on all counts in the Complaint. (Docs. 178 and 179). The first motion addressed Plaintiff's claims for breach of the Confidentiality Agreements (Count I), breach of the Royalty Agreement (Count I), and breach of the obligation of good faith and fair dealing (Count II). (Doc. 178). The second summary judgment motion addressed Plaintiff's remaining "Non-Contract Claims," including unjust enrichment (Count VII). (Doc. 179 at 1, 25). On May 11, 2018, the Court entered partial summary judgment in favor of Defendant. (Docs. 207, 208). The Court determined the Royalty Agreement superseded the Confidentiality Agreements with respect to Plaintiff's flexible drill technology. (Doc. 207) at 11. Hence, Plaintiff's claim alleging breach of the Confidentiality Agreements was dismissed. With respect to the remainder of Count I, however, Defendants

failed to establish that the Royalty Agreement forecloses royalties on the new devices. *Id.* at 12.
The Court therefore declined to grant summary judgment on Plaintiff's remaining contract claims. *Id.*

Defendant's second motion on the "Non-Contract Claims" (Counts III-VII) also yielded mixed results. The Court dismissed Plaintiff's claims for common law unfair competition (Count III); violation of New Mexico's Unfair Trade Practices Act (Count IV); and misappropriation of trade secrets (Count V). (Docs. 207) at 13-16. However, the Court denied summary judgment with respect to Counts VI (quantum meruit) and Count VII (unjust enrichment). *Id.* The ruling states, in relevant part:

> The[]equitable remedies [of quantum meruit and unjust enrichment] typically "may only be invoked in the absence of an express contract or when grossly inequitable circumstances require it." *Arena Resources, Inc. v. Obo, Inc.,* 2010-NMCA-061, ¶ 16, 238 P.3d 357. Grossly inequitable circumstances include "fraud, real hardship, oppression, mistake, unconscionable results, and the other grounds of righteousness, justice and morality." *Id.* The Court cannot determine if the circumstances here are inequitable, and the parties' contract rights have yet to be defined. Therefore, the summary judgment motion will be denied with respect to Plaintiff's claims for unjust enrichment and quantum meruit.

(Doc. 207) at 14.

The instant Motion to Reconsider challenges the unjust enrichment ruling (Count VII). (Doc. 211). Defendant contends the Court should have applied New Jersey unjust enrichment law. Alternatively, Defendant contends the claim should be dismissed under New Mexico law. Plaintiff filed a response to the Motion, Defendant filed a reply, and Plaintiff sought leave to file a surreply. (Docs. 212, 213, and 217). Because the latter request is unopposed, the Court will grant the motion (Doc. 217) and consider the surreply pursuant to D.N.M. LR-Civ 7.1(b) and 7.4(b).

3

**II. Discussion**

Defendant moves for reconsideration under Fed. R. Civ. P. 54(b) (interlocutory orders) and 59(e) (final orders). The parties agree, and the case law confirms, that the same general standard applies under both rules. *See Ankeney v. Zavaras*, 2013 WL 1799997, * 3 (10th Cir. 2013); *Tomlinson v. Combined Underwriters Life Ins. Co*., 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *Sump v. Fingerhut, Inc*., 208 F.R.D. 324, 326-27 (D. Kan. 2002). Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Defendant primarily contends the Court erred by applying New Mexico law, rather than New Jersey law, to the unjust enrichment claim (Count VII).[2] Specifically, Defendant argues the Royalty Agreement's choice-of-law provision governs the unjust enrichment claim, as that is the only contract now at issue. Defendant did not urge the Court to apply New Jersey contract principles to Count VII in its summary judgment papers. (Doc. 179) at 25-27. To the contrary, the motion labels Count VII as a "Non-Contract Claim," and cites New Mexico unjust enrichment law in support of dismissal. *Id.* at 1, 25-27. It is well-established that a motion to reconsider cannot be based on new "arguments that could have been raised in prior briefing." *Servants of*

---

[2] Unlike New Mexico, New Jersey has not adopted exceptions to the rule prohibiting recovery for unjust enrichment when an express contract exists. *Compare Winslow v. Corp. Express, Inc.,* 364 N.J. Super. 128, 143, 834 A.2d 1037 (N.J. App. Div. 2003) (following general rule) *with Arena Resources, Inc. v. Obo, Inc.,* 2010-NMCA-061, ¶ 16, 238 P.3d 357 (creating exception for "grossly inequitable circumstances").

*Paraclete*, 204 F.3d at 1012.

Moreover, even if the Court considered Defendant's new argument, New Jersey law does not mandate reconsideration. New Jersey law prohibits a *recovery* for both unjust enrichment and breach of contract. *See generally Winslow v. Corp. Express, Inc.,* 364 N.J. Super. 128, 143, 834 A.2d 1037 (N.J. App. Div. 2003). However, plaintiffs are expressly permitted to present the two alternative theories at trial. *See Caputo v. Nice-Pak Prod., Inc.,* 300 N.J. Super. 498, 505, 693 A.2d 494, 497 (N.J. App. Div. 1997) (allowing plaintiff to present alternative theories and noting, "if the jury found that there was no valid contract, the jury could then consider whether plaintiff nonetheless might recover for unjust enrichment"). The Court is therefore not required to dismiss the unjust enrichment claim simply because it denied summary judgment with respect to the contract claim. As the Court noted, "the parties' contract rights have yet to be defined." (Doc. 207) at 14.

Assuming it cannot prevail under New Jersey law, Defendant next points to an intervening change in New Mexico law, *Beaudry v. Farmers Ins. Exchange*, 2018-NMSC-012, 412 P.3d 1100. *Beaudry* held that prima facie tort claims cannot undermine a defendant's ability to exercise its contract rights. *Id.* at ¶¶ 17-28. The decision was based on policy considerations, as prima facie tort advances a "'novel' cause of action" that should not "evade other established doctrines of law." *Id.* at ¶¶ 13-14. Unlike prima facie tort, unjust enrichment is an established, equitable doctrine frequently asserted alongside contract claims. *See generally Arena Resources,* 2010-NMCA-061. Hence, *Beaudry* does not warrant reconsideration in this case.

Defendant finally contends Count VII should be dismissed because the summary

judgment findings[3] demonstrate there are no unjust circumstances in this case. The Court disagrees. The findings primarily quote the relevant contract provisions and describe when Defendant developed certain devices. (Doc. 207) at 2-6. They contain no information evidencing whether, and to what extent, Defendant unfairly benefitted at Plaintiff's expense. Thus, the summary judgment findings do not resolve the unjust enrichment claim.

## III. Conclusion

Having determined there are no grounds to reconsider the summary judgment ruling, the Motion must be denied.

IT IS ORDERED that

1. Plaintiff's Motion for Leave to File a Surreply (Doc. 217) is granted.

2. Defendant's Motion for Reconsideration (Doc. 211) is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court uses the term "findings" to mean facts not subject to genuine dispute in the summary judgment ruling. Unless and until the Court orders relief under Rule 56(g), summary judgment facts are not established in the case. *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.").