IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGE, II, M.D.,

    Plaintiff,[1]

vs.                                                                                                Civ. No. 14-1089 KG/SMV

STRYKER CORPORATION, et al.,

    Defendants.

## ORDER

On August 21, 2019, Plaintiff Wayne Kenneth Auge, II, M.D., filed "Plaintiff's Motion for Leave to File an Ex Parte Surreply Concerning Plaintiff's Counsels' Ex Parte Reply in Support of Counsels' Motion to Withdraw" (Motion for Leave to File Surreply). (Doc. 274). Auge attached his proposed surreply to the Motion for Leave to File Surreply. (Doc. 275). In response, Plaintiff's counsel filed "Counsel's Request for Telephone Hearing," seeking a telephonic hearing on the Motion to Withdraw in order address "inaccurate" representations in the proposed surreply. (Doc. 273). Having reviewed both the Motion for Leave to File Surreply, the proposed surreply, and the request for a telephonic hearing, the Court denies the Motion for Leave to File Surreply as well as the request for a telephonic hearing.

The Local Rules of Civil Procedure for the District of New Mexico provide that a party must seek leave of the Court to file a surreply. *See* D.N.M. LR-Civ. 7.4(b). Whether to permit a surreply is a matter of discretion. *Conroy v. Vilsack,* 707 F.3d 1163, 1179 n. 6 (10th Cir. 2013).

---

[1] Clarke C. Coll was substituted as Plaintiff in this matter when Wayne Kenneth Auge, II, M.D. filed for bankruptcy. (Doc. 30). Coll is the trustee of the bankruptcy estate. *Id.* The Court then substituted Auge as Plaintiff after Coll, as trustee, abandoned certain claims of the bankruptcy estate, including the claims in the instant lawsuit. (Doc. 187).

"Courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information that the responding party needs an opportunity to address." *Carrasco v. New Mexico Dep't of Workforce Solutions,* 2013 WL 12092509, *5 (D.N.M.). Therefore, "a district court abuses its discretion only when it both denies a party leave to file a surreply *and* relies on new materials or new arguments in the opposing party's reply brief." *Conroy,* 707 F.3d at 1179 n.6.

Auge has not identified any new arguments or contentions in the reply brief upon which the Court will rely on in deciding the Motion to Withdraw (Doc. 260). For instance, the Court will not consider the assertion in the reply brief that Auge engaged a ghostwriter to author his *ex parte* response to the Motion to Withdraw. *See* (Doc. 271) at 2. In other words, the proposed surreply will not materially assist the Court in deciding the Motion to Withdraw. The Court, therefore, denies the Motion for Leave to File Surreply. The Court further finds that a telephonic hearing on the Motion to Withdraw is unnecessary, especially in light of the denial of the Motion for Leave to File Surreply. Hence, the Court denies the request for a telephonic hearing as well.

IT IS ORDERED that

1. "Plaintiff's Motion for Leave to File an Ex Parte Surreply Concerning Plaintiff's Counsels' Ex Parte Reply in Support of Counsels' Motion to Withdraw" (Doc. 274) is denied; and

2. "Counsel's Request for Telephone Hearing" (Doc. 273) is denied.

_____
UNITED STATES DISTRICT JUDGE