IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of*
*Covalent Global Trust*,

       Plaintiff,

vs.                                  Civ. No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

       Defendants.

<u>ORDER TO SHOW CAUSE</u>

This matter comes before the Court upon Defendants' Statement Concerning Plaintiff's

Notice of Self Representation ("Statement"), filed September 23, 2019; Plaintiff's Statement

Regarding Defendants' Statement, filed September 27, 2019; Defendants' Reply to its Statement,

filed September 30, 2019; and Plaintiff's Reply to Defendants' Statement, filed October 4, 2019.

(Docs. 288, 292, 297, and 300).  Having considered the parties' briefing, the record of this case,

and relevant law, the Court orders Dr. Augé to show cause why this case should not be dismissed

without prejudice.

    *I.*     *Background*

On December 1, 2003, Dr. Augé created The Covalent Global Trust ("CGT").  (Doc.

288-1) at 2-13.  More than ten years later, on February 14, 2014, Dr. Augé filed a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code.  (Doc. 1) filed in 14-10443-TA.

Later that year, on December 2, 2014, Dr. Augé filed his Complaint in this Court, in which he

brought claims "in his individual capacity and as trustee on behalf of The Covalent Global

Trust," and stated that the CGT is "a revocable trust [Dr. Augé] created in 2003, to which he has

caused assets to be assigned that include rights and interests that are the subject of this

Complaint." (Doc. 1) at 1-2.[1]

On July 23, 2015, the Bankruptcy Court converted Dr. Augé's Chapter 11 bankruptcy to

a Chapter 7 proceeding and appointed Clarke C. Coll as the Chapter 7 Trustee. (Doc. 261) filed

in 14-10443-TA. As a result, Trustee Coll filed a Notice of Substitution in this case in which

Trustee Coll substituted himself as Plaintiff. (Doc. 30). After proceeding as Plaintiff in this case

for more than two years, Trustee Coll filed a second Notice of Substitution, in which he notified

the Court that he had abandoned the bankruptcy estate's claims in this lawsuit and substituted Dr.

Augé as the Plaintiff in place of Trustee Coll. (Doc. 184). Trustee Coll abandoned these claims

because the bankruptcy estate had satisfied all general unsecured claims and expenses, so Trustee

Coll found that pursuit of the claims would be "burdensome to the estate." (Doc. 505) at 3, filed

in 14-10443-TA (citing Bankruptcy Code § 554(a) ("[A]fter notice and hearing, the trustee may

abandon any property of the estate that is burdensome to the estate or that is of inconsequential

value to the estate.")).

After participating in a second unsuccessful settlement conference in this case, on August

2, 2019, Dr. Augé's attorneys filed a motion to withdraw as counsel. (Doc. 260). The Court

then entered an order granting the motion to withdraw and giving Dr. Augé an opportunity to

either retain other counsel or notify the Court that he will proceed *pro se*. (Doc. 278). On

September 13, 2019, Dr. Augé filed a timely notice electing to proceed *pro se*. (Doc. 282).

---

[1] Dr. Augé filed a First Amended Complaint on May 12, 2016. (Doc. 34). The First Amended Complaint continues to name Dr. Augé as an individual Plaintiff and as trustee on behalf of CGT, and to allege that CGT has the interests at issue in this lawsuit.

In their Statement, Defendants challenge Dr. Augé's ability to proceed *pro se* on behalf of CGT. (Doc. 288) at 1. Defendants note that Dr. Augé filed this lawsuit both in his individual capacity and as trustee on behalf of CGT, and asserted that he assigned the "rights and interests that are the subject of this Complaint" to CGT. *Id.* at 2 (citing Doc. 1 at 2, ¶ 2, and Doc. 34 at 2, ¶ 2).[2] Because CGT holds the rights and interests that are the subject of this lawsuit, and because CGT cannot be represented by a *pro se* party, Defendants ask the Court to dismiss this case without prejudice. *Id.* at 2-4.

In response to Defendants' Statement, Dr. Augé first asserts that if CGT is still a party to this case, then it is currently represented by counsel because the Court's order granting counsel's motion to withdraw related "only to Plaintiff Wayne K. Augé, II, M.D. individually," and not to Dr. Augé as trustee on behalf of CGT. (Doc. 300) at 2. In the alternative, Dr. Augé asserts that CGT is not a party to this case because the second Notice of Substitution substituted only Dr. Augé as Plaintiff in place of Trustee Coll, not CGT. *Id.* at 2-3 (citing Docs. 184 and 187). Dr. Augé contends that the substitution occurred as a result of the Bankruptcy Court dissolving CGT. *Id.*

In reply, Defendants dispute that the Bankruptcy Court dissolved CGT leaving Dr. Augé as the sole remaining claimant in this case. (Doc. 297) at 1. Instead, Defendants argue that when Trustee Coll abandoned the bankruptcy estate's claims in this case, the claims reverted back to their status prior to assignment to the bankruptcy estate. *Id.* at 3. Therefore, Defendants maintain that Dr. Augé is still the trustee of CGT, and that CGT owns the "rights and interests

---

[2] The Covalent Global Trust document states that the "Trust Property" consists of the property listed in Schedule A, but Schedule A only refers to Exhibit A, which is not attached to ether Schedule A or the Trust document. *See* (Doc. 288-1) at 3, 11.

that are the subject of" this lawsuit.  Accordingly, Defendants conclude Dr. Augé lacks standing

to proceed *pro se* on behalf of CGT.  *Id.* at 3-4.

       *II.*      *Discussion*

      First, Defendants' "Statement" is not the proper way to request the Court to act.  Instead,

"[a] request for a court order must be made by motion."  Fed. R. Civ. P. 7(b)(1).  Nevertheless,

Defendants are correct that the Court's Local Rules require "[a] corporation, partnership or

business entity other than a natural person" to be represented by an attorney.  D.N.M. LR-Civ.

83.7; *see also United States v. Lain*, 773 Fed. Appx. 476, 477 (10th Cir. 2019) (holding trustee

may not represent trust unless he or she is licensed attorney).  In *Lain*, the Tenth Circuit

explained that "[t]rusts are artificial entities that exist independently of their trustee or trustees,"

and "[a]lthough individuals may represent their own personal interests without an attorney,

artificial entities may appear in court only through licensed counsel."  *Id.* (citing *Rowland v. Cal.

Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law

for the better part of two centuries … that a corporation may appear in the federal courts only

through licensed counsel.  As the courts have recognized, the rationale for that rule applies

equally to all artificial entities."); *see also United States v. Cram*, 1998 WL 919871, at *6 (D.

Utah) (reasoning that rule prohibiting *pro se* representation of trust serves to protect beneficiaries

of trust who "would not be able to sustain a malpractice action against a trustee representing a

trust *pro se*").  Therefore, the Court must determine if CGT is still a party to this case requiring

representation of counsel.

      Dr. Augé first argues that the Court's order allowing his counsel to withdraw from

representing him did not apply to its representation of CGT.  (Doc. 300) at 2.  Indeed, neither

counsel's motion to withdraw nor the Court's order granting that motion referred to CGT. (Docs. 260 and 277). The Court's order granting the motion to withdraw further referenced Trustee Coll's Notice of Substitution providing that Dr. Augé was Plaintiff instead of Trustee Coll. (Doc. 277) at 1, n.1. Nevertheless, Dr. Augé brought this action both individually and as trustee on behalf of CGT, and has not distinguished in the course of this litigation between his individual claims and his claims as trustee. *See* (Doc. 34). Moreover, the engagement letter between Dr. Augé and his counsel makes no reference to CGT and, instead, refers only to Dr. Augé engaging counsel's services to assist in pursuing a claim against Defendants. (Doc. 269) at 11-13. Dr. Augé presents no evidence to support a finding that his counsel still represents CGT in this case. Therefore, the Court rejects Dr. Augé's argument that his former counsel continues to represent CGT.

Next, Dr. Augé asserts that CGT is no longer a party to this case pursuant to Trustee Coll's Notice of Substitution. (Doc. 300) at 2-3 (citing Doc. 184). Dr. Augé argues that the Notice of Substitution only pertained to Dr. Augé individually, and that CGT remained property of the bankruptcy estate. *Id.* During the pendency of a bankruptcy proceeding, the debtor's estate becomes the bankruptcy estate. 11 U.S.C. § 541. Consequently, when the Bankruptcy Court appointed Trustee Coll as bankruptcy trustee in Dr. Augé's Chapter 7 proceeding, he was also substituted as Plaintiff in this action. *See* (Doc. 30). And when Trustee Coll abandoned this cause of action pursuant to 11 U.S.C. § 554(a), he filed a second Notice of Substitution notifying the Court that Dr. Augé was once again the Plaintiff in this case. (Doc. 184). Importantly, however, when a bankruptcy trustee abandons property under Section 554(a), it "reverts to the debtor, and stands as if no bankruptcy petition was filed." *In re Dewsnup*, 908 F.2d 588, 590

(10th Cir. 1990), *aff'd* 502 U.S. 410 (1992); *see also In re Gravure Paper Bd. Corp.*, 234 F.2d 928, 930-31 (3d Cir. 1956) ("[W]hen the trustee in bankruptcy abandons an asset, he is to be treated as having never had title to it; the abandonment is said to relate back, so that the title stands as if no assignment had been made.") (citations omitted).  Therefore, since CGT owned the "rights and interests" that are the subject of this action prior to assignment to the bankruptcy estate, those assets reverted back to CGT upon Trustee Coll's Section 554(a) abandonment. Hence, CGT resumed its status as a party in this lawsuit.

In addition, Dr. Augé contends that after he was substituted as Plaintiff for Trustee Coll, the caption used by the parties and the Court no longer referred to Dr. Augé proceeding as trustee on behalf of CGT.  (Doc. 300) at 2-3.  However, neither Trustee Coll's Notice of Substitution nor the caption used in the pleadings can serve to amend the Complaint to exclude CGT as a party.  *See* Fed. R. Civ. P. 15 (setting out the procedure to amend a pleading); *U.S. ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928, 935 (2009) ("The caption is not determinative as to the identity of the parties to the action.") (quoting 5A C. Wright & A. Miller, *Fed. Prac. and Proc.* § 1321, p. 388 (3d ed. 2004)); *Welch v. Laney*, 57 F.3d 1004, 1010 (11th Cir. 1995) (explaining that complaint itself, rather than caption to complaint, controls identification of parties and capacity in which they are sued).  The Court recognizes that Trustee Coll's Notice of Substitution stating that Dr. Augé was the Plaintiff going forward implied that Dr. Augé was proceeding individually.  Regardless, when Trustee Coll abandoned the claims in this lawsuit, they reverted to the parties who had possession of them prior to the bankruptcy proceeding, which included CGT.

To the extent Dr. Augé argues that the bankruptcy proceedings dissolved CGT, the record

does not support such a finding. Dr. Augé argues that "[a]ll [CGT] assets were decreed owned

by Dr. Augé pursuant summary judgment [sic] in Adversary No. 14-1049 t." (Doc. 300) at 2

(citing Doc. 89, filed in 14-1049-t). In the summary judgment order relied on by Dr. Augé, the

Bankruptcy Court explained that CGT's assets are part of Dr. Augé's bankruptcy estate, noted

that Dr. Augé did not list CGT's assets on his bankruptcy schedules, and required Dr. Augé to

amend his bankruptcy schedules to clarify that CGT's assets are the property of the bankruptcy

estate. (Doc. 89) filed in 14-1049-t. This summary judgment order did not, however, serve to

dissolve or liquidate CGT. Indeed, the Final Account and Distribution Report entered at the

close of Dr. Augé's bankruptcy proceeding on February 12, 2018, lists the assets still held by

CGT, indicating CGT still existed at that time. *See* (Doc. 530) filed in 14-10443-TA at 9-13.

Moreover, courts have held that Chapter 7 proceedings cannot serve to dissolve a business entity.

*See, e.g., F.P. Woll & Co. v. Fifth and Mitchell St. Corp.*, 2001 WL 34355652, at *3 (E.D. Penn.)

("The legislative history of Section 727(a)(1) of the Bankruptcy Code … supports the conclusion

that a corporation which has been liquidated in a bankruptcy proceeding is not thereby

dissolved."); *In re CVA General Contractors, Inc.*, 267 B.R. 773, 781 n.10 (W.D. Tex. 2001)

(explaining that "any dissolution of the corporation or partnership that the parties desire must be

effectuated under state law, since the [Bankruptcy] Code does not provide for dissolution of

corporations or partnerships") (citation omitted).

Finally, the Court notes that some courts have indicated that a *pro se* trustee may be able

to represent a trust when the trustee is the "real party in interest or the sole beneficiary of the

trust." *Olisa Found. v. Purdue Univ.*, 2014 WL 11512590, at *2 (D.N.M.) (recognizing

exception to general rule that trust must be represented by attorney, but declining to apply it because trustee was not sole beneficiary of trust); *see also Cram*, 1998 WL 919871, at \*5-7 (denying party's motion to represent trust *pro se* because party did not establish that he is sole beneficiary of trust).  Although an exception has been discussed by courts within the Tenth Circuit, the exception has not been recognized by the Tenth Circuit Court itself, and this Court cannot anticipate that the Court of Appeals would do so.  Even so, assuming such an exception would be recognized by the Tenth Circuit, the exception would not apply here because the trust document for CGT indicates Dr. Augé is not the sole beneficiary of the trust.  *See* (Doc. 288-1) at 5, ¶ IX (Covalent Global Trust document, listing beneficiaries for CGT upon the death of the Grantor).

### III.    *Conclusion*

Based on the foregoing, the Court finds CGT continues to exist and the Plaintiff in this case is Dr. Augé both individually and as trustee on behalf of CGT.  The Court further finds that CGT is currently unrepresented by counsel but must obtain counsel in order to proceed in this lawsuit or else risk dismissal without prejudice.  Since CGT allegedly holds the interests at stake in this lawsuit, a dismissal of CGT necessarily would result in a dismissal of the entire lawsuit without prejudice.  Additionally, absent a showing that he personally holds any of the rights and interests at issue in this case, Dr. Augé has no standing to proceed in this case individually.

IT IS, THEREFORE, ORDERED that Defendants' Statement, which the Court construes as a Motion to Dismiss, is granted in that Dr. Augé cannot proceed *pro se* on behalf of CGT.

IT IS FURTHER ORDERED that Dr. Augé must show cause why this case should not be dismissed without prejudice in its entirety by either:

1. Obtaining counsel to proceed on behalf of CGT, in which case new counsel must file an entry of appearance no later than **December 2, 2019**;

2. Providing evidence to the Court that CGT has been dissolved in accordance with applicable state laws; or

3. Providing evidence to the Court that the "rights and interests" that are the subject of this case are not the property of CGT and belong to Dr. Augé individually.[3]

If Dr. Augé elects to show that CGT has been dissolved or does not hold the rights and interests at issue, Dr. Augé must file a voluntary motion to dismiss CGT as a party.

If Dr. Augé cannot comply with the above requirements **by December 2, 2019**, the Court will dismiss this case without prejudice. A pretrial conference is set on October 31, 2019, and a jury trial is set to begin on November 12, 2019, with jury instructions, motions in limine, and expert and witness lists due by October 14, 2019. (Doc. 258). Due to these imminent deadlines, the Court will enter a separate order staying this case and vacating the pretrial conference, jury trial, and all deadlines currently set. If Dr. Augé is able to show cause why this case should not be dismissed without prejudice, the Court will enter an order resetting the pretrial conference, jury trial, and trial deadlines.

_____
UNITED STATES DISTRICT JUDGE

---

[3] For example, Dr. Augé could provide the Court with a copy of "Exhibit A" which is purported to contain the "Trust Property" of CGT, but is not included in the document filed with the Court. *See* (Doc. 288-1) at 3, 11.