IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of
Covalent Global Trust*,

      Plaintiff,

vs.                                                                       CV No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Honorable Stephan M. Vidmar's Memorandum Opinion and Order Denying Plaintiff's Motion to Reopen Discovery for Limited Purpose (Order) (Doc. 334) and Plaintiff Wayne Augé's Objections to Magistrate Judge's Order Denying Motion to Reopen Discovery for Limited Purpose (Objections) (Doc. 336). The Objections are now fully and timely briefed. *See* (Doc. 340, Response, and Doc. 341, Reply). Having considered the parties' briefing, the Order, and the relevant law, the Court overrules Plaintiff's Objections and denies the request to set aside Judge Vidmar's Order.

    I.      *Procedural Posture*

On June 11, 2020, the Court conducted a telephonic status conference to discuss the parties' readiness for trial. (Doc. 331) at 6. At the status conference, Plaintiff's counsel advised the Court that he would "like to brief … very limited and targeted additional fact discovery … [and] very limited and targeted additional and supplemental expert discovery." *Id.* at 8. In support of his request, Plaintiff's counsel explained that he was not "looking to reopen a whole can of worms … [and he was] not looking to unring every bell." *Id.* at 10. After hearing from

defense counsel, the Court granted Plaintiff leave of Court to file a motion for limited discovery. *Id.* at 14.  In closing, the Court noted, "I'm not telling you your motion will be granted, but I'll allow you to file the motion." *Id.* at 15.

On June 24, 2020, Plaintiff timely filed his anticipated Motion to Reopen Discovery for Limited Purpose and Memorandum in Support (Motion) (Doc. 327).  The Motion requested additional interrogatories, requests for production, Rule 30(b)(6) depositions, and "technical expert discovery." (Doc. 327) at 3.  Defendants opposed Plaintiff's Motion.  (Doc. 329) at 4.

On August 26, 2020, Judge Vidmar denied Plaintiff's Motion (Doc. 327).  (Doc. 334).  In reaching this conclusion, Judge Vidmar opined that Plaintiff failed to establish good cause to reopen discovery.  *Id.* at 6-15.  Alternatively, Judge Vidmar concluded that Plaintiff failed to show excusable neglect for filing his Motion long after the pretrial motions deadline had lapsed, and six months after he retained new counsel.  *Id.* at 15.

After Judge Vidmar entered his Order, Plaintiff filed the instant Objections.  (Doc. 336).  Defendant opposes Plaintiff's Objections, and requests that the Court affirm Judge Vidmar's holding.  (Doc. 340).  A jury trial is scheduled to commence in this matter in March 2021.  (Doc. 332) at 1.  The parties' Motions in Limine are due January 15, 2021, and a final pretrial conference is scheduled for February 18, 2021.  *Id.*

II.   Discussion

A United States magistrate judge may "hear and determine any pretrial matter pending before the court," with few exceptions.  28 U.S.C. § 636(b)(1)(A).  "Discovery is clearly a pretrial matter," and motions relating to discovery, therefore, fall within the ambit of a magistrate judge's authority.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). When a magistrate judge issues an order "as to non-dispositive pretrial matters," the district

judge "review[s] such orders under a 'clearly erroneous or contrary to law' standard of review." *Id.* (citing 28 U.S.C. § 636(b)(1)(A)).  Such review by the district court is "required … when a party timely files written objections to that ruling." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

A magistrate judge's order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  *Colley v. Sandia Nat'l Lab. Long Term Dis. Plan*, 2000 WL 36739580, at *1 (D.N.M.) (quoting *United States v. U.S. Gypsum, Co.*, 333 U.S. 364, 395 (1948)); *accord Ocelot Oil Corp.*, 847 F.2d at 1464.  This standard "requires that a decision [] strike the Court as more than maybe or probably wrong."  *Mulvaney v. New Mexico Att'y Gen.'s Office*, 1999 WL 34810159, at *1 (D.N.M.) (internal citations omitted).  As a result, "the district judge should normally defer to the magistrate judge's decision" under the clearly erroneous standard.  *Amaya v. Bregman*, 2016 WL 10516169, at *1 (D.N.M.) (quoting *Ocelot Oil Corp.*, 847 F.2d at 1464).

Plaintiff posits that Judge Vidmar's Order is both clearly erroneous and contrary to law. (Doc. 336) at 4-18.  First, Plaintiff contends that the Order presents "clear mistakes" in characterizing the nature of Plaintiff's requests under the relevant law.  *Id.* at 4-16.  Second, Plaintiff asserts Judge Vidmar's Order is contrary to law because it "applied incorrect legal standards" in concluding that Defendant "need not comply with its discovery obligations" and that Plaintiff "is bound to the mistakes of prior counsel."  *Id.* at 16-18.  For each of these reasons, Plaintiff requests that this Court set aside Judge Vidmar's Order.  *Id.*

### A. *Clearly Erroneous Objections*

Plaintiff's first set of objections do not assert that Judge Vidmar incorrectly identified the applicable law. Rather, Plaintiff argues that Judge Vidmar mischaracterized the pertinent facts in his application of the law. *See* (Doc. 336) at 5 (arguing that "Order characterized Plaintiff's discovery requests as too broad" and "Magistrate Judge made a clear mistake in this characterization"). It, thus, is undisputed that Judge Vidmar correctly utilized the *Smith* factors in weighing whether to grant Plaintiff's request to reopen discovery. *See* (Doc. 334) at 6 (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

Pursuant to *Smith*, a court may consider several factors in deciding whether to reopen discovery, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith*, 834 F.2d at 169. Judge Vidmar analyzed the *Smith* factors in turn and made particularized findings with respect to each factor. (Doc. 334) at 5-9. In his assessment, Judge Vidmar cited corresponding case law to support and illustrate his findings. *Id.* Ultimately, Judge Vidmar concluded that each of the *Smith* factors, separately and in the aggregate, weighed in favor of denying Plaintiff's request to reopen discovery. *Id.* In pertinent part, Judge Vidmar found that Plaintiff's voluminous discovery requests—including interrogatories, requests for production, depositions, and expert discovery—"color[ed] the Court's analysis of the *Smith* factors." *Id.* at 7.

After review of the Order and Plaintiff's Objections, the Court concludes that Judge Vidmar correctly analyzed and applied the relevant law. Notably, a pretrial judge's decision

"[w]hether to extend or reopen discovery is committed to the[ir] sound discretion." *Smith*, 834 F.2d at 169.  At the status conference, the Court repeatedly remarked on Judge Vidmar's familiarity with the six-year pretrial history of this case.  (Doc. 331) at 4, 16 (explaining "all the work and interest that [Judge Vidmar] continues to have in the case" and noting Judge Vidmar's "tremendous amount of work in this case").  His reasoned decision denying Plaintiff's Motion plainly does not strike the Court as clearly erroneous.  *See Colley*, 2000 WL 36739580, at *1 (explaining that to set aside a magistrate judge's pretrial ruling, court must be left with "definite and firm conviction that a mistake has been committed").

  As a result, this Court will not disturb Judge Vidmar's Order.  Importantly, this conclusion supports the clearly erroneous standard, which "is intended to give the magistrate [judge] a free hand in managing discovery issues." *Weekoty v. United States*, 30 F. Supp.2d 1343, 1343 (D.N.M. 1998) (internal citation omitted).  Indeed, "[b]ecause a magistrate [judge] is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate[] [judge's] determination only if this discretion is abused." *Brack v. Gonzales*, 2007 WL 9734041, at *2 (D.N.M.) (citing *Comeau v. Rupp*, 762 F.Supp. 1434, 1450 (D. Kan. 1991)).  In conclusion, the Court overrules Plaintiff's objections alleging Judge Vidmar's Order is clearly erroneous and denies this basis to set aside the Order.

  B. *Contrary to Law Objections*

  Next, Plaintiff alleges that Judge Vidmar "incorrectly applied the law" when he opined that "Plaintiff originally hired prior counsel, [and thus] he cannot complain about the diligence of counsel he chose."  (Doc. 336) at 17.  Plaintiff asserts that when a "lawyer's decision is a mistake that is the result of neglect or inadvertence, the client is not bound."  *Id.*  Plaintiff argues that prior counsel's failure to fully propound discovery was neglectful and inadvertent and,

therefore, he "should not be punished for prior counsel's mistakes." *Id.* at 17-18 (arguing that "fault for not seeking discovery diligently, in this case, lies with prior counsel and the Bankruptcy Trustee, not Plaintiff").

Judge Vidmar rendered two express and alternative findings on this argument. First, Judge Vidmar found that Plaintiff "identifies no authority suggesting that the actions of the trustee and prior counsel do not bind him." (Doc. 334) at 9. In support, Judge Vidmar explained that "Plaintiff should have foreseen the need for much of the requested discovery [and] he failed to diligently request it." *Id.* Second, Judge Vidmar opined that *even if* prior counsel and the trustee were at fault for not diligently requesting discovery, "Plaintiff should have moved to reopen discovery when the trustee abandoned his claims in September of 2017—not nearly three years later." *Id.* (citing (Doc. 184) at 1).

By rendering an alternative finding, Judge Vidmar explained that regardless of who initially bore fault for incomplete discovery, the burden ultimately fell on Plaintiff when both the trustee and prior counsel withdrew.[1]  *See* (Doc. 334) at 15 (concluding that "[t]o the extent Plaintiff believes that his retaining of new counsel in December of 2019 justifies this late filing, he fails to explain why he waited over six months after retaining them to move to reopen discovery"). Indeed, despite prior counsel's withdraw in 2019, nearly a year elapsed before Plaintiff requested additional discovery. *See* (Doc. 278) (granting counsel's request to withdraw on August 23, 2019). Judge Vidmar appropriately considered this procedural history in rejecting

---

1. Notably, the Court is not convinced that prior counsel was not diligent in their prosecution of Plaintiff's case. Prior counsel propounded more than 100,000 pages of documents, issued 98 requests for production, served 28 interrogatories and 89 requests for admission, and retained three expert reports. (Doc. 334) at 3 (citing (Doc. 329) at 20).

6

Plaintiff's argument. (Doc. 334) at 9-15. This holding, therefore, was not contrary to law and the Court overrules Plaintiff's objection on this basis.

Lastly, Plaintiff alleges that Judge Vidmar's Order is contrary to law because it "placed the burden on Plaintiff to obtain relevant information independently rather than the burden on [Defendants] to answer discovery fully and truthfully." (Doc. 336) at 16. Plaintiff asserts that Defendants were "required to comply with its discovery obligations and provide [] information in response to discovery requests." *Id.* at 16-17; *see also id.* at 6 (claiming that Plaintiff "seeks information that [Defendants] should have provided during discovery and supplemented following discovery."). Therefore, Plaintiff claims Defendants "should be required to comply with the rules of discovery before trial." *Id.* at 17.

Even if the Court accepts Plaintiff's argument—that Defendants failed to timely comply with their disclosure requirements—this contention is three years late. *See* (Doc. 334) at 3 (explaining that discovery deadline was May 8, 2017). Under both the Local and Federal Rules, the appropriate remedy for a party's failure to comply with discovery requests is a motion to compel. *See* D.N.M.LR-Civ. 37 (Failure to Make Disclosure or Cooperate in Discovery); Fed. R. Civ. P. 37 (Failure to Make Disclosures or Cooperate in Discovery; Sanctions). Now, after the parties have submitted their Pretrial Order and on the eve of trial, it is too late to request that the Court require Defendants to comply with Plaintiff's three-year-old discovery requests. *See* D.N.M.LR-Civ. 26.6 (explaining a party must serve a motion to compel within 21 days). Judge Vidmar's holding concluding the same was not contrary to law. Plainly stated, Plaintiff's request is untimely and holding as much was not erroneous.

*III.    Conclusion*

Judge Vidmar concluded that regardless of the misgivings of prior counsel, the burden ultimately rests with Plaintiff to serve as master of his lawsuit. This case has now been pending before the Court for six years, and discovery has been closed for more than three. In denying Plaintiff's Motion, Judge Vidmar concluded that Plaintiff requested too much and had done so too late. *See* (Doc. 334) at 15. The Court concludes that Judge Vidmar's holding was neither clearly erroneous nor contrary to law. For these reasons, the Court overrules Plaintiff's Objections (Doc. 336) and denies his request to set aside Judge Vidmar's Order (Doc. 334).

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE