IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of*
*Covalent Global Trust*,

      Plaintiff,

vs.                                                              CV No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Wayne Kenneth Augé, II, is an orthopedist who invented medical equipment and surgical products. (Doc. 334) at 2 (citing (Doc. 34), Amended Complaint). Plaintiff contracted with Defendants to develop and market his inventions. *Id.* (citing (Doc. 178-3) at 1). To facilitate the sale of Plaintiff's products, the parties executed a royalty agreement. (Doc. 207) at 3. In December 2014, Plaintiff filed this lawsuit claiming *inter alia* that he was entitled to unpaid royalties on device improvements, as defined by the parties' agreements. *Id.* at 6. The case is now ripe for trial, currently scheduled to begin in March 2021. (Doc. 332) at 1.

Presently before the Court is Defendants' Motion to Bifurcate or Compel Pretrial Election of Remedies (Motion) (Doc. 333). The Motion is timely and fully briefed. *See* (Doc. 335, Response, Doc. 338, Reply). The Court notes jurisdiction under 28 U.S.C. § 1332. Having reviewed the parties' briefing, the relevant law, and the record in this case, the Court denies Defendants' Motion (Doc. 333).

I.      *Procedural Posture*

On May 11, 2018, the Court granted in part and denied in part Defendants' Motions for Summary Judgment (Docs. 178, 179). (Doc. 207). The Court denied summary judgment on four of Plaintiffs' claims: Count I, breach of the royalty agreement; Count II, breach of the obligation of good faith and fair dealing; Count VI, quantum meruit; and Count VII, unjust enrichment. *Id.* at 16.[1] These four claims remain pending and are ripe for adjudication at trial.

Defendants now request that the Court bifurcate the four remaining claims and conduct a jury trial on Counts I and II, "which depend on the existence of a contract," and a bench trial on Counts VI and VII, "which depend on the lack of a contract." (Doc. 333) at 5. In response, Plaintiff argues that all four claims are "inextricably linked" and bifurcation would waste both party and Court resources. (Doc. 335) at 8. Plaintiff, therefore, opposes Defendants' request for bifurcation and, instead, argues that a jury should decide each of his four remaining claims during a single trial. *Id.*

The parties do not dispute that Counts I and II are "legal" in nature, and, thus, should be decided by a jury. (Doc. 338) at 6. However, the parties disagree on whether Counts VI and VII are "equitable," and, relatedly, whether these two claims are properly reserved for the Court's adjudication. *See* (Doc. 335) at 6. Nevertheless, Plaintiff contends that even if the Court construes Counts VI and VII as equitable in nature, these claims may still proceed for resolution by a jury. *Id.* at 7. Indeed, Plaintiff argues that "[j]uries in the Tenth Circuit routinely decide equitable claims such as those alleged [] here." *Id.* As a result, Plaintiff argues that regardless of whether the Court concludes that Counts VI and VII are legal or equitable in nature, it should

---

1. Conversely, the Court granted summary judgment on Counts III, IV, and V of the Complaint, and Plaintiff's breach of confidentiality agreement contained in Count I of the Complaint. (Doc. 207) at 1.

2

deny Defendants' request to bifurcate the trial. *Id.*

> II.  Discussion

As a preliminary matter, this Court has already twice held that Counts VI and VII are grounded in equity. *See* (Doc. 207) at 14 (characterizing Plaintiff's quantum meruit and unjust enrichment claims as "equitable remedies"); (Doc. 235) at 3 (summarizing Court's Order holding that quantum meruit and unjust enrichment claims are grounded in equity). The Court, therefore, reiterates that Plaintiff's quantum meruit and unjust enrichment claims are equitable, rather than legal, in nature. *See Arena Resources, Inc. v. Obo, Inc.*, 2010-NMCA-061, ¶¶ 14-15, 148 N.M. 483 ("theories of unjust enrichment … and quantum meruit … [are] equitable in nature") (collecting cases). In addition, the Court denies Defendants' third attempt to "compel [Plaintiff's] pretrial election of remedies." (Doc. 333) at 17. The Court repeats that although Plaintiff cannot recover on both his legal and equitable claims, he may present both theories at trial. *See* (Doc. 235) at 5 (explaining that "law prohibits a recovery for both unjust enrichment and breach of contract" but Plaintiff is "expressly permitted to present the two alternative theories at trial").

The question remains, however, whether the Court should bifurcate Plaintiff's legal and equitable claims for trial. Federal Rule of Civil Procedure 42(b) governs a court's discretion to conduct separate trials on one or more claims. Specifically, Rule 42(b) permits bifurcation "[f]or convenience, to avoid prejudice, or to expedite and economize" for "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." A court is granted "considerable discretion in determining how a trial is to be conducted." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Nevertheless, Rule 42 expressly requires that a court's bifurcation of issues not infringe on a party's Seventh Amendment right to a jury trial. Fed. R.

Civ. P. 42(b) ("When ordering a separate trial, the court must preserve any federal right to a jury trial.").

Generally, "there is no right to a jury trial when a party seeks equitable relief." *Blea v. Fields*, 2005-NMSC-029, ¶ 16, 138 N.M. 348 (citing *Evans Financial Corp. v. Strasser*, 1983-NMSC-053, ¶ 5, 99 N.M. 788). Indeed, while "the Seventh Amendment guarantees the right to a jury trial in any suit involving 'legal rights' this guarantee doesn't extend to 'equitable rights.'" *Liberty Mutual Fire Ins. Co. v. Woolman*, 913 F.3d 977, 992, n. 14 (10th Cir. 2019) (internal citations omitted). However, "[a] party is entitled to have a jury determine any disputed fact issues that are material to disposing of both the equitable and legal claims." *Blea*, 2005-NMSC-029 at ¶ 7. Thus, if "no issues of material fact are common to both the legal and equitable claims, a district court acts within its discretion to bifurcate the claims and [] resolve those sounding in equity." *Valdez v. Walck*, 2014 WL 1314871, at *3 (NM Ct. App.) (citing *Blea*, 2005-NMSC-029, at ¶ 18). Simply put, a court may only decide a plaintiff's equitable claims in the absence of a jury when there are "no issues of material fact" that are common to both the plaintiff's legal and equitable rights. *See id.*; *see also Ag Services of America, Inc. v. Nielsen*, 231 F.3d 726, 732 (10th Cir. 2000) (explaining that "true test is whether the jury verdict by necessary implication reflects the resolution of a common factual issue").

Absent circumstances that mandate resolution by a jury under the Seventh Amendment, the Court is entitled to determine whether bifurcation is appropriate. *Blea*, 2005-NMSC-029, at ¶ 17 ("Ordinarily it is within the judge's discretion whether to decide equitable claims, so long as the equitable claims do not raise factual issues that are material to Plaintiff's underlying legal claim."). Importantly, there is no constitutional barrier to judicial extension of a jury trial on equitable issues. *See* U.S. Const. amend. VII. Rather, Seventh Amendment protections are only

jeopardized when such a right is denied, not when a jury trial is granted. *Id.* As a result, regardless of whether a plaintiff is entitled to a jury trial under the Seventh Amendment, his equitable claims may proceed for resolution before the jury when bifurcation of his legal claims from those in equity is not otherwise warranted.

The interplay between a judge's discretion under Rule 42 and the contours of the Seventh Amendment dovetail with the judiciary's historical distinction between courts of law and equity. *See SFF-TIR, LLC v. Stephenson*, 262 F.Supp. 3d 1165, 1199 (N.D. Okla. 2017) (Browning, J.) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989)) (explaining that Seventh Amendment requires modern courts to determine "whether an English court of law or an English court of equity would have heard a particular cause of action in 1791"); *see also Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435 (10th Cir. 1993) (explaining that in case invoking diversity jurisdiction, "bifurcation of trials is permissible [] even when such procedure is contrary to state law"). In affording consideration to each of these competing principles, this Court concludes that bifurcation is unwarranted, and the jury shall consider both Plaintiff's legal and equitable claims for relief in a single trial.

In support of this conclusion, and most importantly for purposes of both the Seventh Amendment and Rule 42, Plaintiff's claims are not easily separable. *See Angelo*, 11 F.3d at 964 (explaining that "bifurcation is improper if the issues are not separable."); *Windsor Indus., Inc. v. Pro-Team, Inc.*, 87 F.Supp. 2d 1129, 1132 (D. Colo. 2000) (citing *Angelo*, 11 F.3d at 964) ("In order for bifurcation to be appropriate, the issues must be clearly separable."); *Buccheri v. GEICO Ins. Co.*, 2017 WL 3575486, at *2 (D.N.M.) ("Bifurcation under Rule 42(B) is inappropriate when it will 'not' appreciably shorten the trial or affect the evidence offered by the parties' because claims are inextricably linked."). Principally, Plaintiff's legal and equitable

claims are based on the presentation of the same evidence to resolve the disputed facts. (Doc. 333) at 5 (explaining both Plaintiff's legal and equitable claims hinge on same disputed facts). Conducting two separate trials, thus, would require the parties to present the same case, including presentation of the same witnesses and evidence, on two occasions—once before the jury and then again before the Court.

Two trials and the recalling of witnesses is procedurally burdensome, especially now, during a global pandemic. *See* New Mexico Dep't of Health, *Travel Restrictions*, https://cv.nmhealth.org/travel-recommendations/ (last visited Nov. 24, 2020) (requiring New Mexico visitors to "physically separate from others in a residence or place of lodging for at least 14 days from the date of their entry into New Mexico"); *Superseding Administrative Order*, MC 20-4-39, (Doc. 39) at 1 (explaining that State of New Mexico Public Health Emergency Order "implementing travel restrictions … creates logistical challenges"). Even under ordinary circumstances, a "single trial tends to lessen the delay, expense and inconvenience to all parties." *Patten v. Lederle Lab.*, 676 F.Supp. 233, 238 (D. Utah 1987) (denying request to bifurcate liability and damages questions because "resolving both issues in a single trial will … avoid wasting time and effort").

Furthermore, this case is not so complex as to confuse the jury to the point of prejudicing Defendants if the Court does not bifurcate the trial. *See SFF-TIR, LLC*, 262 F.Supp. 3d at 1237 (explaining that "experts, in their essential role as teachers to the jury, can explain [] concepts sufficiently well to a jury that a bench trial would not by virtue of its form offer … greater fairness than a jury trial would offer"); *Windsor Indus., Inc.*, 87 F.Supp. 2d at 1132 (holding that "Rule 42(b) promotes expedition and economy" and "issues in this case do not appear to be extraordinarily complex, therefore, bifurcation will not appreciably shorten the trial"). The

distinction between Plaintiff's legal and equitable claims, and their bases as alternative theories of relief, is not so confusing that the jurors will be incapable of applying the facts to the law. *See Buccheri*, 2017 WL 3575486, at *4 (denying bifurcation because "[j]urors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case").

Finally, to alleviate any concerns a single trial would present, the Court will fashion jury instructions that appropriately guide the jury during deliberation. *See id.* (opining that "sufficiently clear jury instructions, including limiting instructions, and clear arguments by counsel will enable jurors to understand the different sets of issues presented and thereby, avoid any confusion or prejudice"). Importantly, the Court will ensure that the jury is properly instructed that Plaintiff may not be awarded recovery on both of his alternative theories of liability. *See* (Doc. 235) at 5 (explaining that Plaintiff may present legal and equitable theories of recovery but cannot recover on both).

### III.  Conclusion

Based on the foregoing, the Court denies Defendants' Motion to Bifurcate or Compel Pretrial Election of Remedies (Doc. 333). Trial is currently scheduled to commence in March 2021, and the jury will hear both Plaintiff's legal and equitable claims for relief. The Court will instruct the jury on the appropriate alternative theories of relief that may be awarded. Both Rule 42, and the Seventh Amendment, support this conclusion.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE