IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of*
*Covalent Global Trust*,

    Plaintiff,

vs.                                                              CV No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

## ORDER GRANTING JOINT MOTION FOR CLARIFICATION

This matter is before the Court on the parties' Joint Motion for Clarification of Order Granting in Part and Denying in Part Unopposed Motion to Continue Trial (Motion) (Doc. 347), filed January 14, 2021. In their Motion, the parties request that the Court clarify its recent Order (Doc. 346) granting in part and denying in part Defendants' Motion to continue trial and pretrial deadlines (Doc. 345). (Doc. 347) at 1-2.

In its Order, the Court found "good cause to continue the trial because of the current COVID-19 pandemic, until such a time as the conditions permit safe and fair in-person proceedings." (Doc. 346) at 1. However, the Court denied Defendants' request to vacate the pretrial deadlines because they failed to "explain why the current pretrial motions deadlines should also be extended." *Id.* The Court, thus, continued the pretrial conference and the trial until health and safety conditions permit, but explained it was not amending the pretrial deadlines. *Id.* at 1-2.

Presently, the parties contend that the Court's Order "is susceptible to different interpretations." (Doc. 347) at 1-3. As the Court declared in its prior Order (Doc. 346), all pretrial deadlines remain in effect, despite the continuance of trial. *See* (Doc. 346) at 1-2. In support of this decision, the Court explained that Defendants did not explain how COVID-19 impacts their ability to comply with the pretrial deadlines—despite adequately addressing how the public health emergency would hinder the jury trial. *Id.* To the extent these statements were unclear, the Court reiterates that the pretrial deadlines were not extended in its prior Order because Defendants failed to explain why such an extension was necessary.

Now, Plaintiffs assert that counsel "is experiencing immediate-family COVID issues, making it difficult for him to meet these deadlines." (Doc. 347) at 2. As a result, the parties' request a thirty-day continuance of all pretrial deadlines. *Id.* Given this renewed request for an extension and the accompanying explanation, the Court shall extend all pretrial deadlines for thirty days from the original dates calculable from the Court's Notice of Civil Jury Trial (Doc. 332). Plainly stated, all pretrial deadlines, as they would have become ripe if trial was not continued, are now extended by thirty days.

To illustrate, the parties' witness lists were originally due twenty days before the March 1, 2021, trial, on Tuesday, February 9, 2021. The parties' witness lists are now due Thursday, March 11, 2021, because of this Order extending the deadline by thirty days. In addition, the parties' jury instructions were originally due February 1, 2021, and are now due thirty days later, on March 2, 2021. The parties are simply instructed to add thirty days to each of the Court's prior listed deadlines in its Notice of Civil Jury Trial (Doc. 332).

IT IS, THEREFORE, ORDERED that the parties' Joint Motion for Clarification (Doc. 347) is granted. The pretrial deadlines, initially set forth in the Court's Notice of Civil Jury Trial

(Doc. 332), are hereby extended for thirty days from the dates originally calculable from the March 1, 2021, jury trial.

    IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE