IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of
Covalent Global Trust*,

    Plaintiff,

vs.                                                                                                          CV No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

## ORDER GRANTING MOTION IN LIMINE WITHOUT OBJECTION

This matter is before the Court on Plaintiff's Motion in Limine Number 1 to Exclude Evidence of Unrelated Ohio Proceeding (Motion) (Doc. 349) and Defendants' Response to Plaintiff's Motion in Limine Number 1 to Exclude Evidence of Augé's Ohio Criminal Conviction (Response) (Doc. 360). After review of the Motion and the relevant law, the Court grants the Motion (Doc. 349) without objection.

In his Motion, Plaintiff requests that the Court preclude Defendants from eliciting evidence related to Plaintiff's past criminal conviction or the collateral consequences stemming therefrom. (Doc. 349) at 1. In support, Plaintiff relies on Federal Rules of Evidence 609(c), 403, 402, and 401. *Id.* at 4-7. Specifically, Plaintiff explains that the Ohio criminal court issued a certificate of rehabilitation and sealed his prior conviction in 2002. *Id.* In their Response, Defendants agree that this evidence is inadmissible under Rule 609(c) and, thus, agree not to elicit testimony on this topic. (Doc. 360) at 1. However, Defendants maintain that if Plaintiff

"place[s] this evidence at issue during the trial," it will become relevant and admissible for further exploration during cross-examination. *Id.* at 2.

Based on Defendants' agreement that Rule 609(c) renders evidence related to Plaintiff's prior criminal conviction inadmissible, the Court grants Plaintiff's request to exclude this evidence. *See* Fed. R. Evid. 609(c)(1) (explaining "effect of a … certificate of rehabilitation" renders evidence "not admissible"). Moreover, the Court will not issue an advisory opinion regarding the admissibility of this evidence if it becomes relevant for impeachment through Plaintiff's case-in-chief. If the need arises, the parties may renew their request for a specific ruling on admissibility under the circumstances when it becomes ripe for adjudication. In all other respects, Plaintiff's request is granted.

IT IS ORDERED.

/s/ *Kenneth Gonzales*
UNITED STATES DISTRICT JUDGE