IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of
Covalent Global Trust*,

    Plaintiff,

vs.                                                                                                    CV No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

## ORDER DENYING MOTION IN LIMINE

This matter is before the Court on Plaintiff's Motion in Limine Number 3 to Exclude Evidence of Unrelated Civil Case (Motion) (Doc. 351) and Defendants' Opposition to Plaintiff's Motion in Limine Number 3 to Exclude Evidence of Plaintiff's Civil Fraud Case (Response) (Doc. 361). After review of the parties' positions and the relevant law, the Court denies the Motion (Doc. 351).

In 2011, a civil judgment was entered against Plaintiff after a bench trial in the First Judicial District Court of New Mexico. (Doc. 351) at 3. In pertinent part, Plaintiff was accused of committing fraud in the inducement, misrepresentation, breach of contract, securities fraud, breach of fiduciary duty to shareholders, breach of fiduciary duty to corporation, and prima facie tort. *See Jones v. Auge*, 2015-NMCA-016, ¶ 1 344 P.3d 989. The District Court found in favor of Plaintiff's adversary on all counts, concluding that Plaintiff "made knowing misrepresentations," "committed securities fraud," "fraudulently induced" his colleagues, "committed a continuing fraud and breached his fiduciary and other duties" by "knowingly

overcompensating himself," and "breached his shareholder employment agreement and shareholder agreement." *Id.* at ¶ 13.

Plaintiff appealed the district court's opinion. On appeal, the Court of Appeals of New Mexico affirmed the opinion with two exceptions. *Id.* at ¶ 74. Specifically, the court of appeals reversed the district court's calculation of compensatory damages and its findings related to a violation of prima facie tort. *Id.* Consequently, the district court's findings of fraud, knowing misrepresentation, and breach of fiduciary duty were upheld. *Id.*

In his present Motion, Plaintiff requests that this Court preclude Defendants from utilizing evidence of his prior fraud judgment during trial. (Doc. 351) at 1-3. In support, Plaintiff claims the judgment is irrelevant to the claims at issue in this case and unfairly prejudicial. *Id.* at 3-6. In response, Defendants request that the Court permit cross-examination regarding Plaintiff's civil lawsuit. (Doc. 361) at 3-5. Defendants allege this evidence is probative of Plaintiff's character for untruthfulness and, therefore, relevant to assist the factfinder in its credibility determination. *Id.*

Pursuant to Federal Rule of Evidence 608(b), a court may admit evidence to prove "specific instances of a witness's conduct" if the evidence is "probative of the [witness's] character for truthfulness or untruthfulness[.]" This evidence can only be introduced, however, "by asking the witness on cross-examination about the incident." *United States v. Beltran-Garcia*, 338 Fed. Appx. 765, 770 (10th Cir. 2009). A "key aspect of this rule is that its application is explicitly within the discretion of the district court." *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1114 (10th Cir. 2001); *see also* Fed. R. Evid. 608 Notes of Comm., House Report No. 93-650 (explaining "Committee amended the Rule to emphasize the discretionary power of the court in permitting such testimony"). Nevertheless, because "the

possibilities of abuse are substantial," the Rule imposes "safeguards" to protect the witness. Fed. R. Evid. 608 Advisory Comm. Notes. Most notably, the evidence may not be "remote in time" and must, as always, satisfy the contours of Rules 401, 402, and 403 before admission. Fed. R. Evid. 608 Advisory Comm. Notes; *see also* Fed. R. Evid. 611(a)(3) (stating that "court should … protect witnesses from harassment or undue embarrassment").

Not all prior bad acts are "probative of veracity." *New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.*, 409 F.Supp. 3d 1122, 1150 (D.N.M. 2019). Accordingly, "[c]ourts should distinguish between crimes of dishonesty and other crimes[.]" *Id.* Here, to enter a civil fraud judgment, a court must find "clear and convincing proof that a material fact was misrepresented or concealed." *Jones*, 2015-NMCA-016, at ¶ 29. Consequently, it is axiomatic that evidence of a prior fraud judgment is probative of a witness's character for truthfulness under Rule 608(b). *See e.g.*, *Real Estate Law Center, P.C.*, 409 F.Supp. 3d at 1166 (concluding that "instances of misrepresentations to clients, improper pressure on and false inducements to clients, and failures to refund clients and account for client funds … are probative of [] truthfulness or untruthfulness") (collecting cases); *see also* Fed. R. Evid. 609 Advisory Comm. Notes (listing crimes of dishonesty including "perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretense"). Indeed, an essential element of fraud requires a finding that the propounding party was untruthful. *Jones*, 2015-NMCA-016, at ¶ 29.

As a result, the Court rejects Plaintiff's assertion that this evidence is irrelevant under Federal Rule of Evidence 401. *See Beltran-Garcia*, 338 Fed. Appx. at 771 (explaining that witness's "character for truthfulness is clearly consequential" under Rule 401). On the contrary, the evidence has a direct bearing on the fact-finder's analysis of a witness's credibility. In essence, "once a [witness] takes the stand, [his] credibility is at issue[.]" *United States v.*

3

*Schuler*, 458 F.3d 1148, 1155 (10th Cir. 2006) (citing *United States v. Girdner*, 773 F.2d 257, 261 (10th Cir. 1985)) (affirming district court's decision to permit cross-examination under Rule 608(b) on witness's "false tax return and credit card applications"). Therefore, because this evidence is probative of Plaintiff's veracity, and his credibility will be a central issue before the jury, it is relevant under Rule 401.

Next, the Court analyzes whether the evidence is so "remote in time" that it should be excluded from Rule 608(b)'s contemplation. Likewise, under Rule 403, "remoteness in time affect[s] the probative nature of the evidence." *Id.* at 772. Here, Plaintiff's prior civil case was terminated in 2015, after the Supreme Court of New Mexico denied certiorari and it was remanded for a modified damages award in the district court. *See Jones v. Auge*, 345 P.3d 341 (N.M. 2015) (denying certiorari). Under both Rules 608(b) and 403, the Court concludes the 2015 judgment is not too remote to overly dilute the probative value of the evidence. *See Hampton*, 247 F.3d at 1114 (concluding district court did not err in permitting witness's impeachment on 20-year-old fraud charge even though evidence "was remote in time because it was probative of [witness's] character for truthfulness, and because [witness] was able to explain the incident"). Nevertheless, on re-direct examination, Plaintiff's counsel may elicit testimony to rehabilitate Plaintiff based on the age of the prior misconduct.

In addition, the Court considers whether the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Under Rule 403, "unfair prejudice ... means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily an emotional one." *See* Fed. R. Evid. 403 Advisory Comm. Notes. However, "[e]vidence is not unfairly prejudicial merely because it damages a party's case." *See e.g.*, *Real Estate Law Center, P.C.*, 409 F.Supp. 3d at 1155. Resultingly, "[t]he Tenth

4

Circuit has admonished district courts that they should be mindful that exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *Id.* at 1154 (collecting cases) (internal quotations omitted). Here, the probative value of this evidence is enhanced by the issues underlying the parties' dispute: what the parties intended their contractual agreement to control and whether Defendants intentionally violated that agreement for their own financial gain. *See* (Doc. 34) (Plaintiff's Amended Complaint defining disputes). Thus, Plaintiff's believability will likely play an important role in the jury's consideration of the parties' intent under the contract.

Lastly, the Court notes that it finds Plaintiff's citation to *Beltran-Garcia* particularly informative on the issue of unfair prejudice. *See* (Doc. 351) at 5-6. In *Beltran-Garcia*, the Tenth Circuit affirmed the lower court's exclusion of evidence under Rule 608(b) because the witness's prior misconduct was "based on his lack of judgment instead of his character for truthfulness … [and, thus,] its introduction would more likely require[] extended explanation increasing the risk of jury confusion." 338 Fed. Appx. at 772. In contrast, here, Plaintiff's prior misconduct involves fraud and intentional misrepresentation, including a $1.6 million judgment. As a result, the concerns of unfair prejudice from jury confusion or wasting time, as articulated in *Beltran-Garcia*, are inapplicable. Therefore, the probative value of this evidence plainly outweighs any threat of unfair prejudice.

In sum, evidence of Plaintiff's prior civil judgment is probative of his truthfulness or untruthfulness under Rule 608(b). Moreover, this evidence is relevant under Rule 401 and not unduly prejudicial under Rule 403. As a result, the Court will permit admission of this evidence during cross-examination. *See also id.* at 770 (explaining that "parties may only introduce specific instances by asking the witness on cross-examination about the incident, not by

5

introducing documents or calling other witnesses"). Nonetheless, the Court will employ appropriate measures to adequately protect Plaintiff from harassment and undue embarrassment under Rule 611. Relatedly, Plaintiff is directed to submit a proposed jury instruction explaining the permissible scope and use of this evidence during deliberation. *See* Fed. R. Evid. 403 Advisory Comm. Notes (explaining that "consideration should be given to the probable effectiveness … of a limiting instruction"). With these safeguards, Plaintiff's Motion in Limine Number 3 (Doc. 351) is properly denied.

    IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE