IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of
Covalent Global Trust*,

        Plaintiff,

vs.                                                  CV No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Bifurcate Punitive Damages Pursuant to New Jersey's Punitive Damages Act (Motion) (Doc. 377) and Plaintiff's Opposition to Stryker's Motion to Bifurcate Punitive Damages (Response) (Doc. 388). In their Motion, Defendants request that this Court bifurcate Plaintiff's claims for punitive damages as required under New Jersey law. (Doc. 377) at 2. After review of the parties' briefing and the relevant law, the Court denies Defendants' Motion (Doc. 377).

An ancillary issue at the core of the parties' dispute is what law governs Plaintiff's equitable claims for relief. *Compare* (Doc. 375-1) at 29 (applying New Mexico law) *with* (Doc. 376) at 14 (applying New Jersey law). In pertinent part, Plaintiff argues that New Mexico law applies to his equitable claims, while New Jersey law governs his contract claims under the parties' choice-of-law agreement. *See* (Doc. 375-1) at 29. On the other hand, Defendants assert that New Jersey law governs the entirety of Plaintiff's case, including his claims grounded in equity. *See* (Doc. 376) at 14.

The parties' present dispute began in August 2017, when Defendants first requested summary judgment on Plaintiff's equitable claims. *See* (Doc. 179). In support of their initial Motion requesting summary judgment, Defendants cited New Mexico substantive law. *See id.* Consequently, analyzing the law that was presented before it, this Court applied New Mexico substantive law to deny Defendants' request for judgment in their favor. *See* (Doc. 207). After the Court's decision, however, Defendants filed a Motion to Reconsider. (Doc. 211). For the first time, in their Motion requesting reconsideration of the Court's decision, Defendants argued that Plaintiff's equitable claims were governed by New Jersey law. *Id.*

In evaluating Defendants' request to reconsider, the Court explained that "Defendant[s] did not urge the Court to apply New Jersey [law] … in [their] summary judgment papers." (Doc. 235) at 4. Rather, Defendants cited "New Mexico unjust enrichment law in support of dismissal." *Id.* Therefore, the Court declined to reconsider Defendants' request for summary judgment, explaining that such a motion "cannot be based on new 'arguments that could have been raised in prior briefing.'" *Id.* at 4-5 (internal citation omitted). Nonetheless, the Court explained that even if it considered Defendants' contention on the merits, their claim for dismissal also failed under New Jersey law. *Id.* at 5. Accordingly, the Court denied Defendants' request for reconsideration on both procedural and substantive grounds—for failure to argue the correct law in the first instance and because, even applying New Jersey law, their claim for dismissal still failed on the merits. *Id.*

Now, the Court concludes that applying New Jersey law to Plaintiff's equitable claims is consistent with its prior Opinion. Indeed, the Court did not apply New Jersey law in assessing Defendants' initial request for summary judgment because it was not briefed or properly raised at that juncture. However, with the question now squarely posed before it, the Court concludes that

New Jersey law governs both Plaintiff's legal and equitable claims for relief. The Court reaches this conclusion after review of New Mexico's conflicts of law jurisprudence.

In particular, New Mexico generally follows the Restatement (First) of Conflict of Laws, which states that "the law of the place of enrichment determines whether [a person who has been unjustly enriched] is under a duty to repay the amount by which he has been enriched." Restatement (First) of Conflict of Laws § 453 (1934) (2021 Update); *see also Armijo v. FedEx Ground Package Sys. Inc.*, 285 F.Supp. 3d 1209, 1219 (D.N.M. 2018) (Brack, J.) (explaining New Mexico's reliance on Restatement (First) of Conflict of Laws). However, in some "complex" conflicts cases, New Mexico courts consider the "most significant relationship test" under the Restatement (Second) of Conflict of Laws. *See Ferrell v. Allstate Ins. Co.*, 2008-NMSC-042, ¶ 56, 144 N.M. 405 (holding that "Restatement (Second) is a more appropriate approach for multi-state contract class actions"). Significantly, the Court need only decide this question if application of the law in the competing jurisdictions will result in a different outcome. *See Resource Ass. Grant Writing & Eval. Servs., Inc. v. Southampton Union Free School Dist.*, 193 F.Supp. 3d 1200, 1246 (D.N.M. 2016) (explaining that court should "avoid complicated choice-of-law questions when the answer to those questions would not make a difference") (internal citations and quotations omitted).

Here, New Mexico and New Jersey law differ on their requirements for sustaining equitable relief. Most notably, New Jersey law requires the absence of a contractual agreement between the parties for a plaintiff to recover for unjust enrichment. *See* (Doc. 376) at 14 (collecting cases); *In re K-Dur Antitrust Litigation*, 338 F.Supp. 2d 517, 544 (D.N.J. 2004) (explaining that "equitable remedies such as unjust enrichment will not be granted where an adequate remedy at law exists," but allowing plaintiff to plead both as alternatives). On the other

3

hand, New Mexico law allows recovery for unjust enrichment when a contract exists if "grossly inequitable circumstances require it." *See* (Doc. 375-1) at 30 (quoting (Doc. 207) at 14). Consequently, a conflict exists, requiring the Court to ascertain the pertinent law that governs the parties' dispute. As a three-party action with an insignificant number of foreign contacts, the Restatement (First) of Conflict of Laws controls. Thus, looking to the place of enrichment, New Jersey law applies to Plaintiff's equitable claims. *See* (Doc. 377) at 4 (identifying place of enrichment); (Doc. 383) at 4 (analyzing New Jersey law for equitable claims).

Even with this choice of law issue now resolved, however, the "federal rules govern bifurcation in federal court, not state rules." *See Sena-Baker v. Allstate Prop. & Casualty Ins. Co.*, 2020 WL 5748355, at *5 (D.N.M.) (citing *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435 (10th Cir. 1993)); *see also* Restatement (First) of Conflict of Laws § 584 (1934) (2021 Update) (explaining forum state determines what constitutes procedural and substantive law). Accordingly, despite Defendants' contention that bifurcation is required under New Jersey law, "bifurcation is not necessarily mandatory in federal court even if it is determined to be mandatory under state court rules." *Anaya v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 419466, at *4 (D.N.M.). Rather, Federal Rule of Civil Procedure 42 controls the Court's procedural bifurcation analysis.

Rule 42(b) permits bifurcation "[f]or convenience, to avoid prejudice, or to expedite and economize" for "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." A court is granted "considerable discretion in determining how a trial is to be conducted." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). This Court explained the basic tenets governing a judge's discretion under Rule 42 in its prior Memorandum Opinion and Order, denying Defendants' request to bifurcate Plaintiff's legal and

4

equitable claims for relief. *See* (Doc. 344) at 5 (explaining "interplay between a judge's discretion under Rule 42 and the contours of the Seventh Amendment") (citing *inter alia SFF-TIR, LLC v. Stephenson*, 262 F.Supp. 3d 1165, 1199 (N.D. Okla. 2017)). Most significantly, in its prior Opinion, this Court expressly noted that "in [a] case invoking diversity jurisdiction, 'bifurcation of trials is permissible [] even when such procedure is contrary to state law.'" *Id.* (citing *Oulds*, 6 F.3d at 1435).

The rationale supporting the Court's initial rejection of Defendants' request to bifurcate trial applies equally here. First, as this Court explained, "Plaintiff's claims are not easily separable." *Id.* (collecting cases). Second, the Court noted that a "single trial tends to lessen the delay, expense and inconvenience to all parties." *Id.* at 6 (internal quotations and citation omitted). Lastly, the Court opined that bifurcation was not necessary to reach a just verdict in this case. *Id.* at 6-7.

Notably, Defendants have not presented any new argument in their present Motion to persuade the Court that bifurcation is now appropriate on this alternative basis. *See* (Doc. 377) at 2-4. Instead, Defendants' four-page Motion relies exclusively on New Jersey's punitive damages statute, overlooking that bifurcation in federal court is governed by Rule 42(b). *See id.* Thus, absent any argument to the contrary, the Court denies Defendants' current request to bifurcate the jury's consideration of the issues at trial.

In closing, the Court notes that, as it previously opined, it will fashion jury instructions to appropriately guide the jury during deliberation. *See* (Doc. 344) at 7. Significantly, the Court will ensure that the jury is properly instructed that Plaintiff may not be awarded punitive damages in the absence of liability for compensatory damages. With these safeguards in place,

and in the absence of any new argument in favor of bifurcation, the Court concludes that Defendants' Motion (Doc. 377) is properly denied.

    IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE