IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of
Covalent Global Trust*,

    Plaintiff,

vs.                                                                                              CV No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

## ORDER DENYING ORAL MOTION TO SUBMIT SUPPLEMENTAL BRIEFING

This matter is before the Court on Defendant Stryker Corporation's Oral Motion to Submit Supplemental Briefing (Motion) and Plaintiff Wayne Kenneth Augé's Oral Response in Opposition (Response). On August 6, 2021, the Court held a telephonic status conference to confer with the parties about whether the pretrial conference should proceed as scheduled or be postponed until a later date. (Doc. 402); (Doc. 403) at 2. At the status conference, Defendant requested the opportunity to submit supplemental briefing in support of its position that Plaintiff cannot proceed with both his legal and equitable claims before the jury. In response, Plaintiff argued that Defendant's contention lacked both substantive and procedural merit. After hearing the parties' positions, the Court took Defendant's Motion under advisement.

The Court now enters this Order denying Defendant's request for relief. In particular, the Court notes that permitting Defendant to submit further briefing in support of its request to dismiss Plaintiff's equitable claims would be futile. Indeed, Plaintiff is "clearly permitted to plead alternative theories of recovery" before the jury. *In re K-Dur Antitrust Litigation*, 338

F.Supp. 2d 517, 544 (D.N.J. 2004) (collecting cases); *see also Ponzio v. Mercedes-Benz USA, LLC*, 447 F.Supp. 3d 194, 259 (D.N.J. 2020) (declining to "dismiss plaintiffs' unjust enrichment claim on the sole basis that an express contract exists" because "plaintiffs contest the enforceability of [the] express contract"); *Schweikert v. Baxter Healthcare Corp.*, 2013 WL 1966114, at *6 (D.N.J.) (explaining that "Federal Rule of Civil Procedure 8(d)(2) provides that a party may plead claims in the alternative, and courts in this district ... regularly have refused to dismiss an adequately pled quasi-contract claim even when an express contract is alleged to govern the parties' relationship"); *In re Hypodermic Products Antitrust Litigation*, 2007 WL 1959225, at *16 (D.N.J.) (denying request to dismiss unjust enrichment claim because "Plaintiffs are permitted to plead alternative theories of recovery").

Even so, Plaintiff cannot recover for both his equitable and legal claims at trial. *See Estate of Gleiberman v. Hartford Life Ins. Co.*, 94 Fed. Appx. 944, 947 (3d Cir. 2004) (explaining that under New Jersey law "[c]laims for unjust enrichment ... are only supportable when the parties' rights are not governed by a valid, enforceable contract"); *Ponzio*, 447 F.Supp. 3d at 259 (holding that "plaintiff cannot sustain an unjust enrichment claim where there is an adequate remedy at law"); *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, 2014 WL 3853900, at *8 (D.N.J.) (opining that "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the right of the parties" (quoting *Van Orman v. American Ins. Co.*, 680 F.2d 301, 310-11 (3d Cir. 1982)); *Coyle v. Hornell Brewing Co.*, 2010 WL 2539386, at *5 (D.N.J.) (explaining that "restitution for unjust enrichment is an equitable remedy that is unavailable when a plaintiff has an adequate remedy at law" (citing *Goadby v. Philadelphia Elec. Co.*, 639 F.2d 117, 122 (3d Cir. 1981)). As a result, while Plaintiff may present both his equitable and legal theories before the jury, the Court's instructions will direct

the jury to find relief for *either* his equitable claims *or* his legal claims, or neither. *See* (Doc. 344) at 3 (denying "Defendants' third attempt to 'compel Plaintiff's pretrial election of remedies'" and repeating "that although Plaintiff cannot recover on both his legal and equitable claims, he may present both theories at trial" (citing (Doc. 235) at 5)).

Notwithstanding this conclusion, the Court notes that the parties recently stipulated to the existence of a contract. *See* (Doc. 375-1) at 32 (proposed jury instructions stating "you must treat element 1—that the parties entered into a contract containing certain terms—as proven"). Plaintiff cannot stipulate to the existence of a contract for purposes of his legal claims and likewise proceed with his alternative theories of equitable relief before the jury. As a result, before the pretrial conference, Plaintiff is directed to either withdraw his stipulation to the existence of a contract or voluntarily dismiss his equitable claims for relief. In permitting Plaintiff to withdraw this stipulation, the Court notes that Plaintiff tendered this admission before the Court determined that New Jersey law governs the parties' dispute. *See* (Doc. 400) at 3-4 (explaining that under New Jersey law, compared to New Mexico, equitable claims require absence of express contract).

For each of these reasons, Defendant's oral Motion to submit supplemental briefing is denied. In short, Plaintiff may present both theories of recovery before the jury, but the jury will be instructed that Plaintiff cannot recover on both legal and equitable grounds. Moreover, Plaintiff is instructed to either withdraw his stipulation regarding the existence of a contract, or dismiss his equitable claims for relief, in advance of the pretrial conference.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE