IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of
Covalent Global Trust*,

    Plaintiff,

vs.                                              Civ. No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Few cases enjoy the tortured discovery disputes and evidentiary embroilments as demonstrated by these litigants. With the latest dispute, Plaintiff's Motion to Depose Ryan Yearsley (Motion) (Doc. 410), filed September 8, 2021, which is fully and timely briefed (Docs. 413, 417), this case is no exception. Having considered the briefing and the relevant law, and for the reasons explained herein, Plaintiff's Motion is denied.

The Court previously resolved numerous dispositive and pre-trial evidentiary motions. *See, e.g.*, (Docs. 316, 343, 344, 397-401, 406). Accordingly, the Court declines to restate the complete, prolific, history of the case herein.

Because it is relevant to this Motion, however, the Court notes that it previously denied Plaintiff's motion to reopen discovery, which included a request to depose Mr. Yearsley. (Docs. 334, 343). The Court also ruled, *in limine*, that evidence of post-2009 communication would be excluded at trial unless "the parties can isolate relevant . . . comments or exchanges that conform with both New Jersey law and the Federal Rules," (Doc. 401) at 15. Specifically, the Court ruled that "either party may show, through an appropriate proffer, that particular evidence falls outside

the scope of Rule 408 and conforms with the substantive considerations of New Jersey law." *Id.* The Court did not prescribe what form the proffer could or should take and did not invite any motions to reopen discovery.

In this latest Motion, Plaintiff again requests leave to depose Ryan Yearsley, a senior employee of Defendant Stryker Corporation, to ascertain Mr. Yearsley's subjective intent with respect to *all* post-2009 communications. (Docs. 410, 417). Plaintiff contends that Mr. Yearsley's deposition, and only his deposition, will elucidate which post-2009 communications may be admissible as not falling within the ambit of Federal Rule of Evidence 408.[1] In explaining why he did not seek Mr. Yearsley's deposition during the approximately three-year period for discovery, Plaintiff argues that he could not have anticipated that Defendants would assert a Rule 408 objection regarding, or otherwise object to the admissibility of, the post-2009 communications between Plaintiff and Mr. Yearsley. (Doc. 417) at 2.

Plaintiff's arguments fail. The Court construes Plaintiff's Motion as a motion to reopen discovery, pursuant to Federal Rule of Civil Procedure 16(b)(4). A court may modify a scheduling order "only for good cause and with the judge's consent." Courts consider six factors when deciding whether to reopen discovery: (1) whether trial is imminent, (2) whether the request is opposed, (3) the prejudice to the non-moving party, (4) whether the moving party diligently attempted to obtain discovery before the discovery deadline passed, (5) the foreseeability of the need for additional discovery, and (6) the likelihood that the discovery will lead to relevant evidence. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). However,

---

[1] Notably, Defendants concede in their Response that some of the post-2009 communications do not fall within the ambit of Rule 408. (Doc. 413) at 9, 10. Should the parties stipulate to the admissibility of any documents, the Court will consider that stipulation.

2

the moving party's diligence remains the most important factor. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019).

As they did in 2020 when the Court originally ruled on a motion to reopen discovery, the *Smith* factors weigh against reopening discovery. First, the Court set this case on a firm trial setting for January 2022. Trial is imminent. To complete even a single deposition, the parties would need to coordinate schedules, prepare the witness, and complete the deposition, while leaving time for possible motions practice related to privilege or other objections. The pretrial conference, at which the parties will address outstanding evidentiary matters, is set for January 12 and 13, 2022. Not enough time remains to schedule and conduct the deposition, resolve any objections, and prepare for trial. Accordingly, this factor weights against reopening discovery.

Second, Defendants oppose the request. (Doc. 413). Third, Defendants would suffer significant prejudice should the Court allow the requested deposition. The pretrial conference is set for mid-January 2022 and trial commences January 24, 2022. (Doc. 395). Trial preparations are underway. (Doc. 413) at 10-11. The discovery requested by Plaintiff goes to the heart of the case and would significantly disrupt that trial preparation, upend the parties' justified reliance on the Scheduling Order, and increase expenses. *See Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1290 (D.N.M. 2009) (finding prejudice when opposing party had expended significant time and resources developing trial strategy without the requested discovery). This request and Plaintiff's original request to reopen discovery both came at such a late stage of the case that prejudice is magnified. *See AssociationVoice, Inc. v. Athomenet, Inc.*, No. 10-cv-00109-CMA-MEH, 2011 WL 2297677, at *3 (D. Colo. June 9, 2011) ("Defendants would be prejudiced by having to adjust their approach to defending this litigation well after the close of discovery and the passing of the dispositive motion deadline."); *Wing v. Kaye Scholer, LLP*, No. 2:09-CV-371, 2010 WL

5020576, at *3 (D. Utah Dec. 3, 2010) ("This case is in the advanced stages of litigation and the parties are planning for trial . . . . Reopening discovery would upend the scheduling order upon which the parties have relied and built their expectations.").

Fourth and fifth, Plaintiff essentially argues that Mr. Yearsley's deposition will show that the post-2009 communications relate to contract interpretation and understanding, not a modification of the contract. Indeed, this issue underlies Plaintiff's whole case. Plaintiff should have foreseen the need for this deposition but failed to diligently request it. The argument that Plaintiff could not have foreseen the need for Mr. Yearsley's deposition and the dispute regarding the import of the post-2009 communications is not persuasive. As Judge Vidmar noted in his August 2020 Order, subsequently affirmed by this Court, "Plaintiff can hardly complain about the diligence of counsel he chose. He identifies no authority suggesting that the actions of . . . prior counsel do not bind him." (Doc. 334) at 9. Moreover, "it is Plaintiff's job, *during discovery*, to obtain the evidence necessary to prove his case at trial. This process involves anticipating how the case could change depending on pretrial-motions rulings and being prepared if a court does not rule in the exact way the party had hoped." *Id.* at 11. The Court finds that Plaintiff did not diligently attempt to obtain Mr. Yearsley's deposition before the discovery deadline passed, and that the need for this deposition was entirely foreseeable. The fourth and fifth *Smith* factors weigh against reopening discovery.

With respect to the sixth factor, the Court agrees that Mr. Yearsley may have information that bears on the admissibility of certain documents. However, Plaintiff identified Mr. Yearsley as a *will call* witness in his March 11, 2021, Witness List. (Doc. 372). Accordingly, to the extent necessary to make his proffer, Plaintiff will have the opportunity to question Mr. Yearsley at trial. This factor, in isolation, weighs slightly in favor of reopening discovery. In context,

however, it is clear that the Court need not take the extraordinary step of reopening discovery and allowing a deposition of a long-disclosed witness two months before trial.

For the reasons explained above, and viewing the request in light of the whole case record, the Court finds that no good cause exists to reopen discovery. The Court could deny Plaintiff's Motion on that basis alone.

However, the Court is mindful that it may waive certain rules to avoid injustice. D.N.M.LR-Civ. 1.7; *see also* D.N.M.LR-Civ. 16.1 ("Modification of any deadline in the Court's scheduling orders, whether or not opposed, requires a showing of good cause and Court approval."). Thus, the Court also considers Plaintiff's Motion in light of whether denial would work an injustice. The Court concludes that it would not. As explained above, Plaintiff had ample opportunity to pursue discovery in this case, Mr. Yearsley was disclosed early in discovery, and Plaintiff has identified Mr. Yearsley as a will-call witness. Plaintiff's ability to proffer regarding the admissibility of certain post-2009 communications with Mr. Yearsley will not be materially limited by denial of this Motion. Indeed, Plaintiff will have the opportunity to examine Mr. Yearsley at trial.

For these reasons, Plaintiff's Motion is denied.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE