IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of*
*Covalent Global Trust*,

      Plaintiff,

vs.                                                       Civ. No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

      Defendants.

## ORDER FOLLOWING FINAL PRETRIAL CONFERENCE

Counsel for both parties appeared for and argued at the Final Pretrial Conference on May 12, 2022. The Court made several rulings and took additional matters under advisement. This Order memorializes the oral rulings made at the Final Pretrial Conference and provides additional rulings on those matters taken under advisement.

1.     Plaintiff invoked the Rule. Witnesses are excluded from the courtroom prior to their testimony, except retained experts, Dr. Augé, and a representative of Defendants.

2.     Counsel may not confer with any witness during his or her testimony. This ruling means, in addition to the obvious, that Plaintiff's counsel may not confer with Dr. Augé while his testimony remains ongoing, and defense counsel may not confer with any Stryker witness or employee while his or her testimony remains ongoing.

3.     Counsel may quote from daily transcripts during closing argument, including putting snippets of trial testimony on a slide or other electronic presentation.

4.     Exhibits identified as "preadmitted" in Document 458-1 are hereby admitted.

5.  Panel members 0740, 0818, 0773, 0745, 0868, 0694, 0757, and 0692 are excused, with consent of the parties.

6.  Plaintiff requested preadmission of Defendants' Exhibits FI and HT. With respect to Exh. FI, Plaintiff may elicit testimony regarding the contents of this document during the direct examination of Dr. Augé, but may not introduce the document. The Court may reconsider this ruling on re-direct. With respect to Exh. HT, the Court reserves ruling.

7.  The Court considered allowing jurors to discuss the case while evidence remains open, but to reserve deliberation until after the close of evidence. The Court discussed this matter with counsel. Having considered the arguments of counsel, the Court will not give the alternative admonition and will instead instruct the jury not to discuss the case until deliberations.

8.  Mr. Nieman, local counsel for Plaintiff, will not be present at trial. Mr. Nieman is ordered to be available by phone and is reminded that he is answerable to the Court, should it become necessary.

9.  Plaintiff stipulated and agreed that he is not now attempting, and will not attempt during trial, to add additional products to the Accused Products list at issue in this case.

10. The Court heard and considered Plaintiff's objections with respect to Court's Exhibit No. 1. Specifically with respect to Paragraph 5, Plaintiff argued that the Court previously found that the Iconix, VersiTomic, and MicroFX devices are "improvements" to Plaintiff's flexible drill technology. Plaintiff is incorrect. The Court considered the matter at the summary judgment stage and viewed the evidence in the light most favorable to the Plaintiff. *See* (Doc. 207). Notably, for summary judgment purposes, that factual conclusion came from Plaintiff's own declaration, which a jury could reasonably credit or discredit. For these reasons,

Plaintiff's objections are overruled. The Court will read the Exhibit as drafted. Defense counsel will let the Court know when Defendants would like the Exhibit read to the jury.

11. Plaintiff stipulated that he will not elicit testimony from his retained expert, Dr. Burkhead, regarding prior dealings with Defendant Stryker.

12. The parties continue to work together on a possible stipulation or other agreement regarding the Requests for Admission and Defendants' Exhibit FF. The parties will advise the Court of their progress on Monday morning, May 16, 2022. The Court will include NM Civ. UJI 13-215, regarding requests for admission, in the final jury instructions and will read it to the jury on defense counsel's request.

13. The Court arranged for counsel to be allowed into the building by 7:45 a.m. each day of trial. Counsel will proceed promptly to the Mimbres Courtroom and be ready to take up any matters outside the presence of the jury no later than 8:00 a.m.

14. The parties reaffirmed that this will be a five (5) day jury trial, including jury selection and jury deliberation. The Court and counsel agreed on a trial schedule, intending to give the case to the jury by noon on Friday, May 20, 2022.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

3