IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WAYNE KENNETH AUGÉ, II, M.D.,
*Individually and as Trustee on Behalf of*
*Covalent Global Trust*,

    Plaintiff,

vs.                                                Civ. No. 14-1089 KG/SMV

STRYKER CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.

ORDER FOLLOWING JURY TRIAL DAY 2, MAY 17, 2022

Several issues arose during trial on May 17, 2022. The Court ruled from the bench on each of these issues and enters this written Order solely to memorialize its oral rulings.

On the morning of May 17, 2022, outside the presence of the jury, Defendants raised issues related to Plaintiff's Exhibits 142, 144, and 150, which Defendants' anticipated Plaintiff would use with Dr. Augé during testimony.

With respect to Exhibits 142 and 144, the Court provisionally excluded those Exhibits at the Pretrial Conference in January 2022. *See* (Doc. 446) at 13-14. The Court excluded the Exhibits based on Federal Rules of Evidence 408 and 403, but allowed Plaintiff to elicit testimony regarding the substance of the exhibits. The Court reiterated this ruling.

Exhibit 150 was not discussed at the Pretrial Conference in January. The Court did not rule on Exhibit 150, and Plaintiff did not move to admit Exhibit 150.

The Court notes that Plaintiff's counsel complied with the Court's oral ruling.

Defendants also raised issues related to Dr. Augé testifying as an undisclosed expert related to how the Iconix, VersiTomic, and MicroFX products relate to Dr. Augé's previously

disclosed drawings and his idea. The Court heard argument from counsel on these issues and ruled from the bench. Separately, and after Dr. Augé's testimony concluded, Defendants' filed their Trial Brief Requesting Exclusion of Expert Testimony by Plaintiff, A Lay Witness (Doc. 480). Defense counsel provided a copy of the Trial Brief to Plaintiff's Counsel and the Court prior to commencing testimony for the morning.

With respect to Dr. Auge's testimony, the Court focused on information and opinions Dr. Augé obtained or formed prior to this litigation, specifically in regards to Dr. Augé's ideas and diagrams as he is the person who created the diagrams and came up with the ideas. The Court agreed that Dr. Augé has expert knowledge beyond the scope of a lay witness, however, he is not a retained expert required to produce a report by Federal Rule of Civil Procedure 26(a)(2)(B). Instead, Dr. Augé is more like a non-retained expert under Rule 26(a)(2)(C) and made summary disclosures of his ideas and opinions throughout the discovery in this case. The Court ruled that Dr. Augé could testify regarding his ideas, including what was done or not done pursuant to the Royalty Agreement, that arose before the lawsuit was filed.

However, Dr. Augé could not testify about opinions of retained experts or information created for purposes of this lawsuit. Pursuant to Federal Rule of Evidence 403, the Court found no unfair prejudice to Defendants, found that Defendants had sufficient notice of the anticipated testimony, and that Dr. Augé cabined testimony would not invade the province of retained experts under Rule 26(a)(2)(B) or Federal Rule of Evidence 702.

To the extent the Trial Brief constitutes a motion, the motion (Doc. 480) is granted in part and denied in part, as more fully stated on the record.

Additionally, the Court notes that Plaintiff's counsel followed the Court's oral ruling.

During Dr. Wayne Burkhead's testimony, Defendants objected to Plaintiff showing Dr. Burkhead the physical exemplars of the Accused Products on the basis that Dr. Burkhead, a retained expert, would be offering new and previously undisclosed opinions. Specifically, the Court did not construe this as a new or revised opinion. However, even if this does constitute something new, the factors from *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company*, 170 F.3d 985, 993 (10th Cir. 1999), weigh in favor of allowing the testimony. While there may be some prejudice to Defendants in adjusting their cross-examination to accommodate testimony regarding the physical devices, the prejudice is minimal at most and can be adequately cured during cross-examination. Additionally, the testimony would not (and did not) disrupt the trial, and there is no evidence to suggest that Plaintiff acted willfully or in bad faith with respect to this testimony. The Court ruled from the bench prior to recommencement of evidence in the afternoon and allowed Plaintiff to show the pre-admitted exemplars.

Next, Plaintiff's counsel requested clarification on whether counsel may confer with Dr. Augé now that his testimony has concluded. Defendants objected on the basis that Dr. Augé was subject to recall. While Federal Rule of Evidence 615 generally applies to sequester witnesses, and counsel was prohibited from conferring with Dr. Augé during his testimony (including direct, cross, and re-direct), fundamental fairness requires that counsel confer with Dr. Augé during the remainder of trial. Accordingly, Defendant's objection is overruled. Plaintiff's counsel may confer and consult with Dr. Augé during the remainder of trial. However, in the event Dr. Augé is recalled during any rebuttal case, the sequestration rule will apply during that testimony.

Prior to Dr. Keith Ugone's testimony as Plaintiff's damages expert, the parties discussed admissibility of supplemental exhibits to Dr. Ugone's reports. Plaintiff requested admission of

Supplemental Exhibits 4, 7, 8, 9, and 10. Defendants objected, but did not object to publishing the exhibits to the jury. Given the lack of objection, the Court allowed Plaintiff to publish the exhibits to the jury as demonstrative exhibits during Dr. Ugone's testimony. However, the exhibits are voluminous and perhaps confusing. Therefore, the Court declined admission of the exhibits pursuant to Federal Rule of Evidence 403.

Defendants separately objected to Dr. Ugone's supplemental exhibits to the extent the include profit numbers for Defendants' sales of the accused products. The Court overruled this objection on the basis that New Jersey allows the jury to consider profits when evaluating damages under the unjust enrichment theory, as more fully elucidated in prior rulings.

Finally, the parties agreed that a limiting instruction with respect to the profit figures is appropriate. The parties agreed to use Jury Instruction No. 28, regarding damages for unjust enrichment, as the limiting instruction, with the removal of "but are not bound by" from the draft discussed at the final pretrial conference. The Court gave this instruction at the conclusion of Dr. Ugone's testimony.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE